JOSEPH CLAPP, Esq., SBN 99194
Aiman-Smith & Marcy
7677 Oakport Street, Suite 1150
Oakland, CA 94621
Telephone: (510) 590-7115
Facsimile: (510) 562-6830
Email: jc@asmlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual, on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and BAY RIM SERVICES, INC., a California corporation;<br><br>Defendants. | Case No.:<br><br>**Complaint**<br>(1) **Rest Periods;**<br>(2) **Meal Periods;**<br>(3) **Overtime Premiums (State Law);**<br>(4) **Overtime Premiums (Federal Law);**<br>(5) **Unfair Competition Law;**<br>(6) **Wage Statements;**<br>(7) **Waiting Time Penalties.**<br><br>**Demand for Jury Trial**<br><br>**Class Action** |

Complaint
*Hinds, et al. v. FedEx Ground Packaging System, et al.*                    Case No.

Plaintiffs are informed and believe and thereon allege as follows:

## PARTIES

1. Defendant FedEx Ground Package System, Inc. ("FedEx Ground") is a Delaware corporation that conducts business within California. In general, FedEx Ground is in the package pickup and delivery business.

2. Defendant Bay Rim Services, Inc. ("Bay Rim") is a California corporation that conducts business within California. In general, Bay Rim contracts with FedEx Ground to provide vehicles and drivers for the pickup and delivery of packages to customers of FedEx Ground.

3. Plaintiff Michelle Hinds is an adult woman who resides in Alameda County, California. She was employed by Bay Rim as a driver to pick up and deliver packages to customers of FedEx Ground.

4. Plaintiff Tyrone Powell is an adult man who resides in Alameda County, California. He was employed by Bay Rim as a driver to pick up and deliver packages to customers of FedEx Ground.

## JURISDICTION

5. Defendant FedEx Ground is a citizen of Delaware, but not of California. Plaintiffs Hinds and Powell are citizens of California. The amount that Plaintiffs seek in this class action exceeds the sum of $5,000,000. Thus, the Court is vested with class-action "diversity" subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(d)(2). Additionally, the Court is vested with "federal question" subject matter jurisdiction over the fourth cause of action pursuant to 28 U.S.C. Section 1331.

## INTRADISTRICT ASSIGNMENT

6. Plaintiffs Hinds and Powell were dispatched out of FedEx Ground's facility in Alameda County, California. A substantial part of the events and omissions which give rise

to the following causes of action occurred in Alameda County.

## FACTUAL BACKGROUND

7. Defendant FedEx Ground operates distribution facilities at numerous locations throughout California. FedEx Ground contracts with numerous small "motor carriers," such as Defendant Bay Rim, to provide vehicles and drivers to pick up packages from a FedEx Ground distribution facility, deliver those packages to FedEx Ground customers, pick up packages from FedEx Ground customers, and deliver those packages back to the facility. The number of drivers who are provided to FedEx Ground by these small "motor carriers" is unknown, but on information and belief the number is in the hundreds or even thousands.

8. Plaintiff Hinds was employed as a driver by Defendant Bay Rim from approximately July 2017 until approximately February 5, 2018. Plaintiff Powell was employed as a driver by Bay Rim from approximately November 2017 until approximately January 12, 2018. Similarly, all class members were employed as drivers by "motor carriers" during the relevant period of time.

9. During these times, Plaintiffs Hinds and Powell, and the other drivers, were also employed by Defendant FedEx Ground.

## CLASS ALLEGATIONS

10. The class will be defined as: "All individuals (a) who were employed on a full-time basis by a motor carrier that provided one or more commercial motor vehicles to FedEx Ground Package System, Inc. ("FedEx Ground"); (b) who drove those commercial motor vehicles at any time on or after March 5, 2014; (c) who drove those commercial motor vehicles for the purpose of picking-up packages from or delivering packages to the customers of FedEx Ground; and (d) who were dispatched out of a FedEx Ground facility located within the State of California."

11. The class is readily ascertainable through records maintained by Defendant FedEx Ground.

12. The number of class members is too great to make practicable the joinder of all.

13. The claims that Plaintiffs Hinds and Powell make in this lawsuit are typical of the claims made by the other class members.

14. Plaintiffs Hinds and Powell can adequately represent the interests of the other class members. They do not have any conflict with any other class members, and their counsel is knowledgeable about and experienced in prosecuting wage and hour class actions.

15. The common legal and factual issue that is likely to drive the resolution of this lawsuit is the issue of whether FedEx Ground is an employer of the class members. The legal and factual issues that are common to the class predominate over any individual issues that must be litigated.

16. Resolving the common issues in this class action lawsuit would provide substantial efficiencies for the parties and the court in the management of the claims of the class members and, through the vigorous enforcement of the State's wage and hour laws, prevent the failure of justice that would occur if these claims were never litigated, which for the vast majority of the class members is the practical alternative to a class procedure. A class action lawsuit would be superior to any other method for achieving the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Failure to Authorize and Permit Rest Periods
### I.W.C Wage Order 9(12), Cal. Labor Code Sec. 226.7(c)

17. Plaintiffs incorporate herein the foregoing paragraphs.

18. Although Plaintiffs and the other drivers generally were employed for work periods in excess of three and one-half hours, Defendants failed to authorize and permit Plaintiff and the other drivers to take paid rest periods. On these occasions, they also failed to pay the Plaintiff and the other drivers one additional hour of pay at their regular rates of compensation.

## SECOND CAUSE OF ACTION
### Failure to Provide Meal Periods
### I.W.C. Wage Order 9(11), Cal. Labor Code Section 226.7(c)

19. Plaintiffs incorporate herein the foregoing paragraphs.

20. Plaintiffs and the other drivers generally worked for more than six hours in a workday without being provided 30-minute, uninterrupted, off-duty meal periods. On those occasions, Defendants failed to pay Plaintiff one additional hour of pay at their regular rates of compensation.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Premiums
### I.W.C. Wage Order 9(3), Cal. Labor Code Sec. 510, 1194

21. Plaintiffs incorporate herein the foregoing paragraphs.

22. Plaintiff and the other drivers regularly worked more than 8 hours in a workday, more than 12 hours in a workday, and more than 40 hours in a workweek.

23. Defendants did not pay Plaintiffs or the other drivers any overtime premiums for the overtime hours that they worked.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime Premiums
### 29 U.S.C. Sec. 207(a)(1)

24. Plaintiffs incorporate herein the foregoing paragraphs.

## FIFTH CAUSE OF ACTION
### Unfair Competition Law
### Cal. Business & Professions Code Sec. 17200 *et seq.*

25. Plaintiffs incorporate herein the foregoing paragraphs.

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements
### Labor Code Section 226(e)

26. Plaintiffs incorporate herein the foregoing paragraphs.

27. Defendants often failed to furnish Plaintiffs and other drivers with an accurate itemized statement in writing on the regular paydays showing gross wages earned, total hours worked, net wages earned, and all applicable hourly rates of pay in effect during the pay period and the corresponding number of hours worked at each hourly rate.

28. Defendants knew that they were required by law to furnish accurate itemized statements in writing and intentionally failed to furnish accurate statements to Plaintiffs and other drivers on the regular paydays.

29. Plaintiffs and other drivers suffered injury from Defendants' failure to provide accurate itemized statements in writing on the regular paydays. Plaintiffs and other drivers could not promptly and easily determine the amount of gross or net wages earned, the total number of hours worked, or the applicable rates in effect for the corresponding hours.

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### Cal. Labor Code Sec. 201, 202, 203

30. Plaintiffs incorporate herein the foregoing paragraphs.

31. Defendants willfully failed to pay Plaintiffs and other former drivers all wages due, as described in paragraphs 18, 20, and 23, upon their terminations from employment or within 72 hours of their quittings of employment. To date, Defendants have not paid these wages.

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs pray for the following relief:

1. Damages in an amount to be proved at trial;
2. Liquidated damages pursuant to 29 U.S.C. Section 216(b);
3. Restitution;
4. Pre-judgment interest;
5. Waiting time penalties pursuant to Labor Code Section 203;
6. The penalty set forth in Labor Code Section 226(e)(1);
7. Declaratory relief;
8. Costs of suit, including expert fees;
9. Reasonable attorney's fees; and
10. All other appropriate remedies.

Dated: March 5, 2018                    aiman-smith & marcy

_____
Joseph Clapp, Esq.
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action.

Dated: March 5, 2018                    aiman-smith & marcy

_____
Joseph Clapp, Esq.
Attorneys for Plaintiffs