UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01431-JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM DISCOVERY ORDER**<br><br>Re: Dkt. No. 129 |

Now before the Court for consideration is Defendant FedEx Ground Package System, Inc.'s ("FedEx") motion for relief from a discovery order issued by Magistrate Judge Tse on January 26, 2021. (Dkt. No. 123.) Plaintiffs oppose the motion and seek attorneys' fees in the event the Court denies it. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES FedEx's motion, and it RESERVES ruling on Plaintiffs' request for attorneys' fees.

**BACKGROUND**

On November 30, 2020, Plaintiffs filed their motion for class certification, after several the Court granted several extensions based on the need for additional discovery. On December 22, 2020, the parties filed a joint letter brief regarding a dispute about the production of "stop level data" and "GPS data." Although FedEx previously agreed to produce "stop-level" data, it was unable to produce that material before the November 30 deadline for Plaintiff to file the class certification.[1] FedEx did not agree to produce GPS data, which is the other category of data

---

[1] FedEx asked Plaintiffs to agree to a further extension of the briefing schedule, but Plaintiffs chose to proceed with their filing. On February 3, 2021, the Court denied FedEx's administrative motion to alter the briefing schedule. (Dkt. No. 133.)

covered by the Order.

FedEx argued that both categories of data "ceased being proportional to the needs of this case" once that motion was filed. With respect to the stop-level data, FedEx focused on its position that Plaintiffs' "discovery motion is a pretext for filing a second class certification motion." (*See* Dkt. No. 118, Joint Letter Brief at 3:14, 20-22, 26-27, 4:10-16; *see, e.g.,* Dkt. No. 137, Transcript of Hearing ("Tr.") at 4:1-7, .)[2] Although Plaintiffs chose to file their motion without the data, at the hearing before Judge Tse, they argued that it was "highly relevant to the merits and to class certification." (Tr. at 8:24-25.)[3]

After considering the parties' arguments, Judge Tse issued the following Order:

> Plaintiffs' request to compel stop-level data is granted; FedEx Ground is ordered to produce that data (as it previously agreed to) by February 10, 2021.
>
> With respect to the requested GPS location data, FedEx Ground is ordered to provide a declaration to plaintiffs by February 12, 2021, describing with reasonable particularity the GPS location data that exists for the relevant time period. Following plaintiffs' review of that declaration, the parties must meet and confer by video to attempt to reach agreement on whether such GPS data should be produced (and if so, when). If the parties are unable to reach agreement as to the GPS data after meeting and conferring, they may file a joint letter on February 26, 2021.

(Dkt. No. 123.)

**ANALYSIS**

A district court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S.*

---

[2] The Court cites to the pages of the letter brief, rather than the pages in the ECF headings.

[3] The Court set forth its views on *seriatim* certification motions when it set the briefing schedule for this motion. (*See* Dkt. No. 131, Order Setting Briefing Schedule at 1:20-22 ("The Court notes for all parties' benefit that it would not look favorably on subsequent motions for class certification or to deny class certification and would strongly prefer to resolve all certification issues in one motion.").

*Gypsum Co.*, 333 U.S. 364, 395 (1948). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008).

### A. Stop-level Data.

With respect to the stop-level data, FedEx does not dispute that it agreed to produce the data. It also agrees that it "falls within the ambit of discovery." (Tr. at 8:8-9; *see also id.* at 17:18-18:3.) FedEx expands on its arguments regarding proportionality and relevance in its briefing before this Court, but it did not focus on those issues when raising this issue with Judge Tse. Moreover, at the hearing FedEx's counsel stated he could "produce [the stop-level data] within two weeks if I were ordered to today." (*Id.* at 4:1-4.) The Court concludes Judge Tse's ruling on the stop level data was neither clearly erroneous nor contrary to law.

### B. GPS Data.

FedEx argues that production of the GPS records will be unduly burdensome and reiterates its position that it does not use GPS to track package activity. Judge Tse has not yet ordered FedEx to produce any GPS data. Rather, he ordered FedEx to provide a declaration about the GPS data and required the parties to meet and confer after Plaintiffs had the opportunity to review that declaration.

At the hearing on the discovery dispute, Judge Tse expressed his tentative view that GPS data should not be produced, at least at this time. He also expressed his view that the record was not sufficient for him to make that determination and that he would allow the parties to make their arguments on proportionality and undue burdens after they followed the procedures set forth in his Order. (*See, e.g.,* Tr. at 18:24-25, 27:8-28:1, 31:21-33:4, 34:23-37:16, 41:6-8.) FedEx has not argued it would be unduly burdensome to provide the declaration at issue or to participate in the procedure outlined in Judge Tse's Order.[4]

---

[4] During the hearing there was discussion about whether FedEx would be required to produce a sample of GPS data. Although Plaintiffs argue Judge Tse ordered FedEx to produce a sample of the GPS data, that is not clear to this Court and his order does not reference a sample. To the extent the parties need clarification on that point, they should raise the issue with Judge Tse.

3

Accordingly, the Court DENIES FedEx's motion with respect to the GPS data on the basis that it is premature.

Finally, the Court reserves issuing a ruling on Plaintiffs' request for attorneys' fees until the issue relating to the GPS data is fully resolved.

## CONCLUSION

For the foregoing reasons, the Court DENIES FedEx's motion for relief from Judge Tse's discovery order. FedEx shall produce the stop-level data by February 23, 2021. The parties shall follow the procedure set forth in his Order regarding the GPS data. FedEx shall provide the declaration required by February 23, 2021, and any subsequent joint letter brief shall be filed before Judge Tse by March 2, 2021.

**IT IS SO ORDERED.**

Dated: February 16, 2021

_____
JEFFREY S. WHITE
United States District Judge