UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>     Defendants. | Case No. 18-cv-01431-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 113 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, the Court issues the following notice of questions for the hearing scheduled on June 18, 2021 at 9:00 a.m. The Court has reviewed the parties' briefs, and the parties shall not reargue matters addressed in those briefs. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel by filing those authorities or citations to the record by no later than Thursday, June 17, 2021 at 4:00 p.m. The Court will allow for exceptions in the event an authority is issued after that date and time. If the parties submit such additional legal authorities, they are ORDERED to submit the citations (including the pin citations) and attach any new authority cited to their submission, but they are not to include additional argument or briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority, including FedEx's reliance of the statement of recent decision it filed on June 11, 2021.

FedEx raises several arguments about why the Court should not find Plaintiffs' damages expert's opinion sufficient to meet their burden to show common proof of damages. FedEx has filed objections to the portions of his deposition that Plaintiffs submitted with their reply brief. **Plaintiffs may file a written response to those objections by June 21, 2021.** The Court also

notes that FedEx relies on evidence obtained in other cases or that is not related specifically to this case. Plaintiffs have not objected, but the Court directs the parties to address whether they have agreed that discovery obtained in other cases may be used in this case.

The Court directs the parties to focus their argument on the commonality factor and the Rule 23(b) factors, and they shall have no more than 45 minutes to address the following questions. The Court will waive that time limitation if an associate or of counsel attorney working on this case is permitted to address some or all of the Court's questions contained herein.

1.  Plaintiffs do not always distinguish between the two named Defendants. Is the Court correct that Plaintiffs' motion class certification is limited to their claims against FedEx?

2.  FedEx attests that Bay Rim was a service provider until March 12, 2016 and attests that the parties did not renew the agreement after that date. (Declaration of Timmy Dean Means ¶ 14.) That statement contradicts evidence submitted in connection with FedEx's motion for summary judgment: an Independent Service Provider Agreement between it and Bay Rim with an effective date of March 12, 2016. Can FedEx confirm that Bay Rim was, in fact, operating under a service provider agreement with FedEx while Plaintiffs were employed by Bay Rim?

3.  The Court concluded that a "driver's helper" is the type of employee who could be considered a "covered employee." For that reason, it included time that Ms. Hinds spent in that position when it concluded FedEx had not met its burden to show Ms. Hinds did not fall within the scope of the MCA exception. (Order on Motion for Summary Judgment at 12:10-13:3.) FedEx attests that it excluded 810 individuals from a putative class list who were categorized as "driver's helpers." (Declaration of Eric Rowland Decl., ¶ 11.) FedEx also argues Ms. Hinds is not typical of the class but appears to exclude the time Ms. Hinds worked as a driver's helper. (Opp. Br. at 33:18-24.) How does FedEx reconcile that argument and Mr. Rowland's declaration with the Court's ruling on summary judgment?

4.  The parties dispute the extent to which the Service Provider agreements are negotiable. What is each party's best evidence that the provisions of the Service Provider Agreement that would be relevant to Plaintiffs' motion are, or are not, standardized?

5.  Plaintiffs argue the classes can be certified based, in part, on the fact that FedEx

had no policies in place to pay the putative class members overtime premiums or to authorize rest and meal breaks and that those "failures applied uniformly to all class members." FedEx has produced evidence that, although it may not have had policies in place for the putative class, at least some of its ISPs did pay overtime and authorized rest and meal breaks. Given the factual circumstances of this case, *i.e.* that there is an entity that directly employs the members of the putative class, what are Plaintiffs' best authorities that the ISP's overtime and rest and meal break policies do not, or should not, impact the predominance analysis?

6. FedEx argues the Court should deny Plaintiffs' alternative request to certify the issue of whether it is Plaintiffs and the putative class members joint employer. The Court is not persuaded that the question of FedEx's status as an employer would not be a common issue, given Plaintiffs' apparent concession that if it is not their employer, they have no claims against it. What is FedEx's best argument that the issue is not appropriate for certification under Rule 23(c)(4).

7. If the Court grants the motion, does FedEx agree with Plaintiffs' proposed notice plan? If not, what is its best argument that the Court should not treat that issue as conceded?

**IT IS SO ORDERED**.

Dated: June 16, 2021

_____
JEFFREY S. WHITE
United States District Judge

3