UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*, <br><br> Defendants. | Case No. 18-cv-01431-JSW <br><br> **ORDER GRANTING MOTION TO STRIKE PAGA CLAIM ASSERTED AGAINST DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.** <br><br> Re: Dkt. No. 180 |

On January 3, 2022, the Court reserved ruling on Defendant FedEx Ground Package System, Inc.'s ("FedEx") motion to strike Plaintiffs' claim under the California Labor Code Private Attorneys General Act ("PAGA"). Dkt. No. 184, "January 3 Order". The Court has recounted the facts underlying Plaintiffs' dispute with FedEx in prior orders and will not repeat those facts here. In brief, FedEx has contracted with independent service providers ("ISPs"), one of which was defendant Bay Rim Services, Inc. ("Bay Rim"). Plaintiffs each worked as drivers for Bay Rim, and their theory of the case is that FedEx is liable as a joint employer for alleged labor code violations. Plaintiffs also seek PAGA penalties on behalf of themselves and approximately 20,000 other individuals who were directly employed by over 500 ISPs.

On August 18, 2021, the Court denied Plaintiffs' motion for class certification, finding that individualized issues predominated over common issues. FedEx then moved to strike or to dismiss the PAGA claim arguing Plaintiffs did not have standing and that the claim against FedEx would be unmanageable. In the January 3 Order, the Court concluded that, at this stage, Plaintiffs had shown they were "aggrieved employees" for purposes of their individual PAGA claims but deferred ruling on whether Plaintiffs would have standing to pursue the claim on behalf of individuals who were employed by other ISPs. The Court also provided Plaintiffs a further

opportunity to present a trial plan and directed that any proposed plan "shall address any affirmative defenses to be asserted by FedEx." January 3 Order at 8:22-23. The parties met and conferred, as directed, and have submitted their supplemental briefs. For the reasons that follow, the Court GRANTS FedEx's motion.

When the Court reserved issuing a final ruling on FedEx's motion to strike, it noted a recent opinion from the California Court of Appeal for the Second District, which concluded a court could strike or dismiss a PAGA claim for lack of manageability. *Wesson v. Staples the Office Superstore, LLC*, 68 Cal. App. 5th 746, 851 (2021).[1] However, on March 23, 2022, Court of Appeal for the Fourth District held otherwise. *Estrada v. Royalty Carpet Mills, Inc.*, 76 Cal. App. 5th 585, 2022 WL 855568, at *1, *10-12 (4th Dist. Mar. 23, 2022). As noted in those opinions, there also is a split of authority within the district courts about whether a court may dismiss or strike a PAGA claim based on manageability. *See, e.g., Estrada,* 2022 WL 855568, at *10; *Wesson*, 68 Cal. App. 5th at 857 n.10.[2]

In reaching its conclusion, the *Wesson* court relied on the principle that courts have the inherent authority to manage complex litigation. 68 Cal. App. 5th at 763-64. It also reasoned that permitting a court to strike PAGA claim based on that authority would not conflict with PAGA's purpose, in part because not every claim would be subject to dismissal. *Id.* at 768-69. The *Wesson* court also emphasized that it was not creating a *per se* rule; if a court relies on its inherent authority to strike a PAGA claim, it should not do so lightly even if the PAGA claim is "procedurally challenging." *Id.* at 862, 864 (and noting, in context of class certification "refusing

---

[1] "When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. However, where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (internal quotation omitted).

[2] *See, e.g.,* January 3 Order at 5:6-9; *Ortiz v. Amazon.com, LLC*, No. 17-cv-3920-JSW, 2020 WL 5232592, at *2 (N.D. Cal. Sept. 2, 2020) (citing cases reflecting split, requiring plaintiff to present a trial plan prior to ruling on whether PAGA claim would be manageable, and denying motion to strike without prejudice); *Delgado v. Marketsource, Inc.*, No. 17-cv-07370-LHK, 2019 WL 1904216, at *4-5 (N.D. Cal. Apr. 29, 2019) (declining to follow cases imposing a manageability requirement on PAGA claims).

to certify on manageability grounds alone should be the last resort") (quoting *Noel v. Thrifty Payless, Inc.*, 7 Cal. 5th 955, 978 (2019), in turn quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 664 (7th Cir. 2015)); *see also Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017) (citing *Mullins* with approval). Where possible, courts "should work with the parties to render a PAGA claim manageable by adopting a feasible trial plan or limiting the claim's scope." *Id.*; *accord Briseno*, 844 F.3d at 1128.

In contrast, the *Estrada* court highlighted that a plaintiff who asserts a PAGA claim is acting "'as the proxy or agent of the state's labor law enforcement agencies' and 'represents the same legal right and interest as the state labor law enforcement agencies – namely recovery of civil penalties that otherwise would have been assessed and collected by the" Labor and Workforce Development Agency. 2022 WL 855568, at *11 (quoting *Arias v. Sup. Ct.*, 46 Cal. 4th 969, 986 (2009)). It reasoned that "to dismiss PAGA claims based on manageability would interfere with PAGA's express design as a law enforcement mechanism." *Id.* at *12.

Although the *Estrada* court held that it is not proper to dismiss a PAGA claim for lack of manageability, it acknowledged that "[s]ome PAGA claims involve hundreds or thousands of alleged aggrieved employees, each with unique factual circumstances." *Id.* To address such concerns, "courts may, where appropriate and within reason, limit witness testimony and other forms of evidence when determining the number of violations that occurred and the amount of penalties to assess." *Id.* As one example, the court suggested that the alleged violations could be "narrowed … to employees at a single location or department." *Id.* at *12 n.8. That approach, the court reasoned, might encourage litigants to be "prudent in their approach to PAGA claims" and would not be unfair to unrepresented aggrieved employees because "'absent employees do not own a personal claim for PAGA civil penalties, and whatever personal claims the absent might have for relief are not at stake.' … If a plaintiff alleges widespread violations of the Labor Code by an employer in a PAGA action but cannot prove them in an efficient manner, it does not seem unreasonable for the punishment assessed to be minimal." *Id.* (quoting *Williams v. Sup. Ct.*, 3 Cal. 5th 531, 547 n.4 (2017)).

It is clear that courts "possesses inherent powers that are 'governed not by rule or statute

but by the control necessarily vested in courts to manage their own affairs to as to achieve the orderly and expeditious disposition of cases.'" *Deitz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). When a court uses that discretion, it "must be a reasonable response to a specific problem and [it] cannot contradict any express rule or statute." *Id.* Barring a definitive ruling from the California Supreme Court, *Wesson* does provide support for the conclusion that striking a PAGA claim would not directly contradict that statute.

As noted, Plaintiffs' theory is that FedEx jointly employs *any* individual employed by *any* ISP. Thus, Plaintiffs' ability to obtain *any* PAGA penalties from FedEx, whether for themselves or for other aggrieved individuals, depends upon a finding that FedEx was their joint employer and a joint employer for individuals employed by other ISPs. That critical issue has yet to be decided. Plaintiffs maintain that their case in chief will be manageable because they will use FedEx Scanner Data and expert testimony to establish the number of violations by FedEx that may have occurred. They also argue that any manageability issues arise from FedEx's affirmative defenses, which they claim are legal issues. They have advised that their trial plan is to file a motion for summary judgment on those defenses and, if unsuccessful, will rely on records produced by FedEx and their expert to show that no drivers took a meal break. In light of the Court's conclusions on the motion for class certification, the Court concludes that plan does not adequately take into consideration FedEx's affirmative defenses.

Plaintiffs also continue to argue that FedEx can be held liable for alleged rest and meal break violations even if an ISP complied with its obligations to its employees, citing *Serrano v. Aerotek, Inc.*, 21 Cal. App. 5th 773 (2018), *disapproved on other grounds by Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 77 (2021). The Court considered *Serrano* in connection with the motion for class certification and still is not persuaded that *Serrano* stands for the proposition that an employee might recover a "windfall" from a joint employer "even though a direct employer actually complied with the Labor Code and with Wage Order 9." (Order Denying Mot. for Class Cert. at 16:6-14.) Therefore, the Court also concludes Plaintiffs' continued reliance on this theory does not adequately address how the Court could resolve the PAGA claim and determine penalties that might be owed by FedEx for individuals employed at ISPs who fully complied with the Labor

4

1  Code provisions at issue.

2  The non-party aggrieved employees may not have a personal claim for PAGA penalties, but a PAGA claim "functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, *including nonparty aggrieved employees*, who would be bound by a judgment in an action brought by the government." *Arias*, 46 Cal. 4th at 986 (emphasis added).  The Court will assume for the sake of argument that Plaintiffs would have standing under PAGA to pursue claims against FedEx for individuals directly employed by ISPs other than Bay Rim.  Plaintiffs have not persuaded the Court that they have a viable trial plan to make the PAGA claim manageable as to violations on behalf of those aggrieved employees, who could be bound by a judgment that FedEx was *not* their joint employer.  *Arias*, 46 Cal. 4th at 986. Further, neither *Wesson* nor *Estrada* addressed the issue of striking a PAGA claim in the context of joint employment and can be distinguished on that basis.

Accordingly, the Court will exercise its inherent authority to limit Plaintiffs' PAGA claim the alleged violations by Bay Rim and GRANTS FedEx's motion to strike.

**IT IS SO ORDERED**.

Dated: April 25, 2022

_____
JEFFREY S. WHITE
United States District Judge