Brandy T. Cody, State Bar No. 196923
Email: bcody@fisherphillips.com
Amberly A. Morgan
Email: amorgan@fisherphillips.com
James C. Fessenden
email: jfessenden@fisherphillips.com
Fisher & Phillips LLP
4747 Executive Drive, Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9600

Jessica G. Scott, *appearing pro hac vice*
Email: scott@wtotrial.com
Andrew H. Myers, *appearing pro hac vice*
Email: myers@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and BAY RIM SERVICES, INC., a California corporation,<br><br>Defendants. | Case No. 4:18-cv-01431-JSW (AGT)<br><br>**FEDEX GROUND'S *MOTION IN LIMINE NO. 3* TO EXCLUDE EVIDENCE OF OR REFERENCES TO BAY RIM SERVICES, INC.'S BANKRUPTCY FILING**<br><br>Action Filed: March 5, 2018<br>FAC Filed: May 10, 2018<br>Trial: October 24, 2022 |

## INTRODUCTION AND BACKGROUND

Even though it has not been a going concern since 2018—the year this case began—Defendant Bay Rim Services, Inc., ("Bay Rim") waited until August 18, 2022—just two months before trial—to file for bankruptcy protection. As a result of Bay Rim's filing, Plaintiffs' claims against it are automatically stayed, while trial of Plaintiffs' claims against FedEx Ground is scheduled to proceed in October.[1]

Under the automatic bankruptcy stay, the jury will not be asked to hold Bay Rim liable, but Bay Rim's practices will still be front and center in the presentation of this case. <u>Bay Rim</u> was Plaintiffs' employer, and <u>Bay Rim</u> controlled Plaintiffs' breaks, compensation, and wage statements. To establish several of the necessary elements of their claims against FedEx Ground, Plaintiffs will need to prove that Bay Rim failed to provide meal and rest breaks, overtime compensation, and accurate wage statements. To make this showing, Plaintiffs must rely on Bay Rim policies, Bay Rim documents, and Bay Rim witnesses. Even if Plaintiffs were to prove joint employment, there can be no liability as to FedEx Ground if Bay Rim did not violate wage and hour laws.

Because Plaintiffs must prove an underlying wage and hour violation to have any hope of succeeding in the case against FedEx Ground, a central part of Plaintiffs' case will be attempting to prove that Bay Rim violated various wage and hour laws. Conversely, FedEx Ground plans to rebut Plaintiffs' proof by disputing their claims of joint employment and by arguing that only Bay Rim should be held responsible for Bay Rim's policies. Faced with these competing views of the evidence, the jury is likely to wonder why Plaintiffs are not seeking recovery from Bay Rim. At the same time, Plaintiffs will be tempted to explain to the jury that they cannot recover against Bay Rim because of its bankruptcy. Even more concerning, Plaintiffs may try to present evidence of Bay Rim's bankruptcy to signal to the jury that Plaintiffs cannot recover from Bay Rim and to encourage it to find FedEx Ground liable on a

---

[1] It is possible that the stay may be lifted by the bankruptcy court, which would permit <u>all</u> parties to proceed to trial on schedule. However, even if it is lifted, FedEx Ground's requested relief here remains the same—that none of the parties would be able to discuss Bay Rim's bankruptcy or purported insolvency.

joint employment theory as the only "pocket" from which they can actually obtain funds.

But evidence or argument about Bay Rim's bankruptcy is not relevant to any of the issues in this case. What is more, even if Bay Rim's bankruptcy had some minimal relevance, that is substantially outweighed by the risk of unfair prejudice and juror confusion. Thus, the Court should grant this motion and prohibit any party (including Bay Rim if the bankruptcy stay is lifted) from submitting any evidence or argument about Bay Rim's bankruptcy.

## ARGUMENT

### I. BAY RIM'S BANKRUPTCY IS IRRELEVANT

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Bay Rim's 2022 bankruptcy is not relevant to any fact of consequence in this case. Plaintiffs stopped working for Bay Rim in early 2018. (2d Am. Compl. ¶ 8, ECF No. 76.) That same year, Bay Rim ceased operating as a Service Provider to FedEx Ground. Given the time that has elapsed—more than four years since the relevant events—the bankruptcy could not possibly shed light on Bay Rim's employment practices while Plaintiffs were working there.

Even if there were a closer temporal relationship between the bankruptcy and the relevant events, Bay Rim's bankruptcy still would not be relevant. That Bay Rim ceased operation and declared bankruptcy years later has no bearing on how it scheduled or paid its employees or the content of its employees' wage statements. Because evidence of Bay Rim's bankruptcy will not "logically advance a material aspect" of Plaintiffs' case, the Court should not admit it. *See, e.g.*, *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (citations omitted); *see also Fay Ave. Props., LLC. v. Travelers Prop. Cas. Co.*, No. 11cv2389-GPC(WVG), 2015 WL 11202635, at *3 (S.D. Cal. Mar. 24, 2015) (concluding that evidence of defendant's bankruptcy was "not relevant"); *Jacobs v. Alexander*, No 1:05-cv-01625-SAB(PC), 2015 WL 8010537, at *2 (E.D. Cal. Dec. 7, 2015) (same).

Nor should Plaintiffs even be permitted to suggest that Bay Rim's bankruptcy shows the company's failure and, thus, is evidence of FedEx Ground's purported control or proof that Bay

Rim was a "sham" operation. Any alleged connection between Bay Rim's bankruptcy and FedEx Ground's alleged control over Bay Rim's employees is too speculative and remote to render that bankruptcy evidence relevant. *See HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-cv-00882-PSG, 2013 WL 4782598, at *2 (N.D. Cal. Sept. 6, 2013) (excluding evidence of a defendant's bankruptcy when the plaintiff's "failure to tie [the] bankruptcy to a lack of success in licensing [an intellectual property] portfolio leaves the court guessing on the cause of [the] bankruptcy.").

## II. EVIDENCE OF BAY RIM'S BANKRUPTCY IS OVERLY PREJUDICIAL AND LIKELY TO CONFUSE THE JURY

Even if Bay Rim's bankruptcy had some marginal relevance (it does not), it should be excluded for the separate reason that any probative value is outweighed by the risk of prejudice and confusion. Any one or more of the following justifies excluding otherwise relevant evidence: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When evidence has only slight probative value, district courts "must exclude" it "if there is a modest likelihood that the evidence would cause unfair prejudice or mislead the jury." *Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-cv-03953–BLF, 2015 WL 4593439, at *1 (N.D. Cal. July 30, 2015) (citing *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).

Here, there is a high likelihood of prejudice and juror confusion. With the automatic stay in place, the jury will not be asked whether Bay Rim is liable to Plaintiffs on any of their claims. As a result, the jury is unlikely to understand the significance of Bay Rim's bankruptcy and will merely be confused by evidence or references to it. *See Hart v. Larson*, No. 3:16-cv-01460-BEN-MDD, 2018 WL 6603647, at *3 (S.D. Cal. Dec. 17, 2018) (noting that evidence of the bankruptcy of a non-party—the plaintiff's wife—is likely to confuse the jury "including how that evidence relates to the jury's credibility determinations and ultimate findings"); *HTC Corp.*, 2013 WL 4782598, at *2 ("[T]here is a substantial risk that evidence of TPL's bankruptcy will confuse the issues.").

Plaintiffs may claim that they want to submit evidence of Bay Rim's bankruptcy to explain to the jury why they are seeking recovery from FedEx Ground rather than their actual employer. But, first, the bankruptcy only just occurred, and this lawsuit has been pending against FedEx Ground since 2018. Second, evidence that Bay Rim is in bankruptcy may cause the jury to infer that Plaintiffs cannot recover damages from Bay Rim, which may or may not even be true.[2] This will make the jury more likely to impute liability to FedEx Ground by finding joint employment even when the record does not support such a finding. By excluding evidence of Bay Rim's bankruptcy, the Court will avoid the jury basing its decision on "visceral reactions," rather than the record evidence. *HTC Corp.*, 2013 WL 4782598, at *2.

Nor do Plaintiffs need to admit evidence of Bay Rim's bankruptcy to the jury to explain Bay Rim's absence from the case. It is not clear at this point in time whether Rupesh Parikh, Bay Rim's owner, will be available to testify at trial. But if he does not testify—if, for example, the bankruptcy court interprets the automatic stay to prevent him from providing live trial testimony—Mr. Parikh will be "unavailable" for purpose of Rule 804(b)(1), and his deposition testimony can be admitted into evidence. If that happens, the limited relevance of Bay Rim's bankruptcy, which could explain why that testimony is not in person, will not outweigh the significant danger of prejudice and confusion. *See Fabric Selection, Inc. v. NNW Imp., Inc.*, No. 2:16-cv-08558-CAS (MRWx), 2018 WL 1779334, at *5 (C.D. Cal. Apr. 11, 2018) (holding that possible unavailability of corporate witness did not justify admitting evidence of corporate bankruptcy given "the risk of juror confusion").

## **CONCLUSION**

Because Bay Rim's bankruptcy is not relevant and is likely to lead to prejudice and juror confusion, the Court should grant FedEx Ground's *Motion in Limine No. 3* and prohibit any party from admitting evidence of or references to Bay Rim's bankruptcy or the automatic stay.

---

[2] Indeed, if Plaintiffs were permitted to suggest Plaintiffs cannot recover from Bay Rim, FedEx Ground would then be entitled to attempt to refute that claim with evidence from the bankruptcy, if needed, as well as additional discovery into Bay Rim's sale of its business assets in 2018 and where such money landed.

Dated: September 16, 2022  Respectfully submitted,

WHEELER TRIGG O'DONNELL LLP

By: /s/ Jessica G. Scott
    JESSICA G. SCOTT

Attorney for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2022, I electronically mailed the foregoing **FEDEX GROUND'S *MOTION IN LIMINE NO. 3* TO EXCLUDE EVIDENCE OF OR REFERENCES TO BAY RIM SERVICES, INC.'S BANKRUPTCY FILING** to the following email addresses:

- **Joseph Clapp**
  jc@asmlawyers.com

- **Kas Larene Gallucci**
  kas@consumeradvocates.com

- **Michael Houchin**
  mike@consumeradvocates.com

- **Ronald A. Marron**
  ron@consumeradvocates.com

- **Lilach Halperin**
  lilach@consumeradvocates.com

- **Isam C. Khoury**
  ikhoury@ckslaw.com

- **James H. Hill**
  jhill@ckslaw.com

- **Timothy D. Cohelan**
  tcohelan@ckslaw.com

- **Albert C. Lin**
  alin@fisherphillips.com

*/s/ Jessica G. Scott*