Joseph Clapp, Esq., SBN 99194
AIMAN-SMITH & MARCY
7677 Oakport Street, Suite 1150
Oakland, CA 94621
Telephone: (510) 590-7115/Facsimile: (510) 562-6830
Email: jc@asmlawyers.com

Ronald A. Marron, Esq.
Michael T. Houchin, Esq.
Lilach Halperin, Esq,
Kas L. Gallucci, Esq.
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006/Facsimile: (619) 564-6665
Email: ron@consumersadvocates.com
Email: michael@consumersadvocates.com
Email: lilach@consumersadvocates.com
Email: kas@consumersadvocates,com

Timothy D. Cohelan, Esq., SBN 60827
Isam C. Khoury, Esq., SBN 58759
J. Jason Hill, Esq., SBN 179630
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000
Email: tcohelan@ckslaw.com
Email: jkhoury@ckslaw.com
Email: jhill@ckslaw.com

Counsel for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., corporation; BAY RIM SERVICES, INC., a corporation; and Does 1 through 25, inclusive,<br><br>    Defendants. | Case No.: 3:18-cv-01431-JSW (AGT)<br><br>**Plaintiffs' Opposition to FedEx Ground's** *Motion in Limine* **No. 4 (DOT Regulations)**<br><br>Judge: Honorable Jeffrey S. White<br>Department: 5 |

### FedEx Ground Exercised Control Over Bay Rim by Requiring Compliance with DOT Regulations.

FedEx Ground makes this argument: "In *Moreau v. Air France*, the Ninth Circuit acknowledged that 'indirect supervision or control . . . purportedly to ensure compliance with various safety and security regulations,' without more, is not evidence of control for purposes of proving joint employment." MIL No. 4 at 5:8-11. This argument is both misleading and not quite true.

The argument is misleading because the issue the court was deciding was whether this evidence was *sufficient* – by itself – to support a finding of joint employment. *Moreau v. Air France*, 356 F.3d 942, 950-951 (9th Cir. 2004). The court did not hold, as FedEx Ground implies, that the evidence was *irrelevant*.

The argument is not quite true because the court assumed that the evidence could be relevant to prove joint employment. The *Moreau* court was applying a regulation (29 CFR 825.106) promulgated under the Family Medical Leave Act.[1] As *Moreau* noted, "Air France was . . . very specific about how it wanted its work performed, and it checked to ensure that its standards were met and that the service provider's overall performance adhered to Air France's specifications." *Moreau*, 356 F.3d 942, 951. The court held: "This type of activity can, in some situations, constitute 'indirect' supervision of the employees' performance." *Id.*

The court then weighed this relevant evidence. The court found it "noteworthy" that "much of the indirect supervision or control exercised by Air France over the ground handling employees was purportedly to ensure compliance with various safety and security regulations" and thus different from the control a farm owner might exercise over farmworkers employed by a farm labor contractor. *Id.* By this, the court was suggesting that control motivated by a desire to ensure compliance with

---

[1] In pertinent part, 29 CFR 825.106 reads as follows:
"Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA."

Plf. Opp. to MIL No. 4
*Hinds, et al v. FedEx Ground Packaging System, et al.*            Case No. 18-cv-01431-JSW

governmental regulations did not weigh as *heavily* on the scale as control motivated by a desire to ensure the quantity or quality of the work. But, regardless of its weight, that control nevertheless constituted relevant evidence that had to be placed on the scale.

Therefore, Plaintiffs submit that this evidence is both relevant and probative.

### Conclusion.

The Plaintiffs request that the court deny FedEx Ground's motion in limine no. 4.


Respectfully submitted,

Dated: September 13, 2022        aiman-smith & marcy

_____
Joseph Clapp, Esq.
Attorneys for Plaintiffs