Joseph Clapp, Esq., SBN 99194
AIMAN-SMITH & MARCY
7677 Oakport Street, Suite 1150
Oakland, CA 94621
Telephone: (510) 590-7115/Facsimile: (510) 562-6830
Email: jc@asmlawyers.com

Ronald A. Marron, Esq.
Michael T. Houchin, Esq.
Lilach Halperin, Esq,
Kas L. Gallucci, Esq.
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006/Facsimile: (619) 564-6665
Email: ron@consumersadvocates.com
Email: michael@consumersadvocates.com
Email: lilach@consumersadvocates.com
Email: kas@consumersadvocates,com

Timothy D. Cohelan, Esq., SBN 60827
Isam C. Khoury, Esq., SBN 58759
J. Jason Hill, Esq., SBN 179630
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000
Email: tcohelan@ckslaw.com
Email: jkhoury@ckslaw.com
Email: jhill@ckslaw.com

Counsel for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE (AGT) POWELL, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., corporation; BAY RIM SERVICES, INC., a corporation; and Does 1 through 25, inclusive,<br><br>    Defendants. | Case No.: 4:18-cv-01431-JSW<br><br>**Plaintiffs' Excerpts of Admissions, With Objections and Responses**<br><br>Judge: Honorable Jeffrey S. White<br>Department: 5 |

Pursuant to paragraph 2(g) of the Final Pretrial Conference Procedures and Required Filings, Plaintiffs submit the following requests for admission that are to be used in their case in chief, along with the objections of Defendant FedEx Ground and Plaintiffs' responses.

**REQUEST FOR ADMISSION NO. 22:**

During the period from March 5, 2014 to the present, FXG did not authorize rest periods for pick-up and delivery drivers employed by Independent Service Providers in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

FedEx Ground objects to this request as stated in Objection Nos. 1, 2, 3 and 4. Subject to, limited by, and without waiving such objections, FedEx Ground responds as follows:

**FedEx Ground admits that, during the Operative Period, it has not employed any pickup and delivery drivers that were employed by SPs in California. Accordingly, FedEx Ground has not undertaken any of the types of actions (such as establishing rest period schedules, publishing its own rest period policies and procedures, or providing training or instruction regarding rest periods) that FedEx Ground understands Plaintiffs contend would be examples of actions that may be necessary for an employer to comply with its obligations under Section 12 of Wage Order No. 9-2001 of the California Industrial Welfare Commission.**

**The SPs that employed the drivers were, however, at all times during the Operative Period, required as stated in the SPs' written agreements with FedEx Ground, to comply with all California laws and regulations applicable to the SPs' employment of such drivers. Accordingly, FedEx Ground denies that the drivers were not authorized to take rest periods as required by California law. Other than as expressly admitted above, FedEx Ground denies this request.**

**OBJECTION:**

Federal Rules of Evidence 402 and 403. This request and response relate to this case as a putative class action before the Court's denial of certification. What FedEx Ground did or did not do with respect to all "pick-up and delivery drivers employed by Independent Service Providers in California" during the period 2014 to present is not relevant to any issue in this case. Also, Plaintiffs'

use of the request and response would be unfairly prejudicial and confusing to jurors because it indicate this is a larger or class action, and it is not. Additionally, whether FedEx Ground itself "authorize[d] rest periods" for Service Providers' employees across the State of California is not relevant to Plaintiffs' proofs, and it is prejudicial and confusing because it puts before the jury an issue that is not pertinent to their decision (i.e., potential implications of FedEx Ground being a "bad actor" for not authorizing such breaks itself when the real question is whether Bay Rim authorized breaks for its drivers). This Court has thrice rejected Plaintiffs' proposal to prove meal and rest break violations based on FedEx Ground's conduct divorced from Service Providers' practices. (*See* Order Denying Mot. for Class Cert. 15-16, ECF No. 171; Order on Def. FedEx Ground Package Sys., Inc.'s Mot. to Strike 7-8, ECF No. 184; Order Granting Mot. to Strike PAGA Claim Asserted Against Def. FedEx Ground Package Sys., Inc. 4-5, ECF No. 201.)

**RESPONSE TO OBJECTION:**

If FedEx Ground is an employer, it must authorize and permit rest periods. IWC Wage Order 9(12). This admission makes clear that FedEx Ground did not do anything to comply with this obligation other than insert a clause in its standard ISP Agreement stating that ISPs should follow the law.

**REQUEST FOR ADMISSION NO. 23:**

During the period from March 5, 2014 to the present, FXG did not maintain any policy authorizing rest periods for pick-up and delivery drivers employed by Independent Service Providers in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

FedEx Ground objects to this request as stated in Objection Nos. 1, 2, 3 and 4. Subject to, limited by, and without waiving such objections, FedEx Ground responds as follows:

**For purposes of this response, the phrase "rest periods" refers to rest periods pursuant to Section 12 of Wage Order No. 9-2001 of the California Industrial Welfare Commission.**

1         **FedEx Ground admits that, during the Operative Period, it has not employed any pickup and delivery drivers that were employed by SPs in California. Accordingly, FedEx Ground has not established or published rest period policies of its own that applied to drivers.**

        **The SPs that employed the drivers were, however, at all times during the Operative Period, required as stated in the SPs' written agreements with FedEx Ground, to comply with all California laws and regulations applicable to the SPs' employment of such drivers. Accordingly, FedEx Ground denies that the drivers were not authorized to take rest periods as required by California law.**

        **Other than as expressly admitted above, FedEx Ground denies this request.**

**OBJECTION:**

        Federal Rules of Evidence 402 and 403. This request and response relate to this case as a putative class action before the Court's denial of certification. What FedEx Ground did or did not do with respect to all "pick-up and delivery drivers employed by Independent Service Providers in California" during the period 2014 to present is not relevant to any issue in this case. Also, Plaintiffs' use of the request and response would be unfairly prejudicial and confusing to jurors because it indicate this is a larger or class action, and it is not. Additionally, whether FedEx Ground itself did not "maintain any policy authorizing rest periods" for Service Providers' employees across the State of California is not relevant to Plaintiffs' proofs, and it is prejudicial and confusing because it puts before the jury an issue that is not pertinent to their decision (i.e., potential implications of FedEx Ground being a "bad actor" for not authorizing such breaks itself when the real question is whether Bay Rim authorized breaks for its drivers). This Court has thrice rejected Plaintiffs' proposal to prove meal and rest break violations based on FedEx Ground's conduct divorced from Service Providers' practices. (*See* Order Denying Mot. for Class Cert. 15-16, ECF No. 171; Order on Def. FedEx Ground Package Sys., Inc.'s Mot. to Strike 7-8, ECF No. 184; Order Granting Mot. to Strike PAGA Claim Asserted Against Def. FedEx Ground Package Sys., Inc. 4-5, ECF No. 201.)

**RESPONSE TO OBJECTION:**

        If FedEx Ground is an employer, it must authorize and permit rest periods. IWC Wage Order 9(12). This admission makes clear that FedEx Ground did not do anything to comply with this

obligation other than insert a clause in its standard ISP Agreement stating that ISPs should follow the law.

**REQUEST FOR ADMISSION NO. 24:**

During the period from March 5, 2014 to the present, FXG did not compensate pick-up and delivery drivers employed by Independent Service Providers in California for the drivers' rest period time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

FedEx Ground objects to this request as stated in Objection Nos. 1, 2, 3 and 4. Subject to, limited by, and without waiving such objections, FedEx Ground responds as follows:

**For purposes of this response, the phrase "rest periods" refers to rest periods pursuant to Section 12 of Wage Order No. 9-2001 of the California Industrial Welfare Commission.**

**FedEx Ground admits that, during the Operative Period, it has not employed any pickup and delivery drivers that were employed by SPs in California. Accordingly, FedEx Ground has not compensated drivers at all, including for rest periods.**

**The SPs that employed the drivers were, however, at all times during the Operative Period, required as stated in the SPs' written agreements with FedEx Ground, to compensate drivers in accordance with all California laws and regulations applicable to the SPs' employment of such drivers. Accordingly, FedEx Ground denies that the drivers were not compensated for rest period time to the extent required by California law.**

**Other than as expressly admitted above, FedEx Ground denies this request.**

**OBJECTION:**

Federal Rules of Evidence 402 and 403. This request and response relate to this case as a putative class action before the Court's denial of certification. What FedEx Ground did or did not do with respect to all "pick-up and delivery drivers employed by Independent Service Providers in California" during the period 2014 to present is not relevant to any issue in this case. Also, Plaintiffs' use of the request and response would be unfairly prejudicial and confusing to jurors because it indicate this is a larger or class action, and it is not. Additionally, whether FedEx Ground itself paid

"for the drivers' rest period time" for Service Providers' employees across the State of California is not relevant to Plaintiffs' proofs, and it is prejudicial and confusing because it puts before the jury an issue that is not pertinent to their decision (i.e., potential implications of FedEx Ground being a "bad actor" for not authorizing such breaks itself when the real question is whether Bay Rim authorized breaks for its drivers). This Court has thrice rejected Plaintiffs' proposal to prove meal and rest break violations based on FedEx Ground's conduct divorced from Service Providers' practices. (*See* Order Denying Mot. for Class Cert. 15-16, ECF No. 171; Order on Def. FedEx Ground Package Sys., Inc.'s Mot. to Strike 7-8, ECF No. 184; Order Granting Mot. to Strike PAGA Claim Asserted Against Def. FedEx Ground Package Sys., Inc. 4-5, ECF No. 201.)

**RESPONSE TO OBJECTION:**

If FedEx Ground is an employer, it must authorize and permit rest periods and must pay for rest period time. IWC Wage Order 9(12). This admission makes clear that FedEx Ground did not do anything to comply with these obligations other than insert a clause in its standard ISP Agreement stating that ISPs should follow the law.

**REQUEST FOR ADMISSION NO. 25:**

During the period from March 5, 2014 to the present, FXG did not authorize meal periods for pick-up and delivery drivers employed by Independent Service Providers in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

FedEx Ground objects to this request as stated in Objection Nos. 1, 2, 3, 4, and 5. Subject to, limited by, and without waiving such objections, FedEx Ground responds as follows:

**FedEx Ground admits that, during the Operative Period, it has not employed any pickup and delivery drivers that were employed by SPs in California. Accordingly, FedEx Ground has not undertaken any of the types of actions (such as establishing meal period schedules, publishing its own meal period policies and procedures, or providing training or instruction regarding meal periods) that FedEx Ground understands Plaintiffs contend would be examples of actions that may be necessary for an employer to comply with its obligations**

under Section 512(a) of the California Labor Code and Section 11 of Wage Order No. 9-2001 of the California Industrial Welfare Commission.

The SPs that employed the drivers were, however, at all times during the Operative Period, required as stated in the SPs' written agreements with FedEx Ground, to comply with all California laws and regulations applicable to the SPs' employment of such drivers. Accordingly, FedEx Ground denies that the drivers were not provided with meal periods as required by California law.

Other than as expressly admitted above, FedEx Ground denies this request.

**OBJECTION:**

Federal Rules of Evidence 402 and 403. This request and response relate to this case as a putative class action before the Court's denial of certification. What FedEx Ground did or did not do with respect to all "pick-up and delivery drivers employed by Independent Service Providers in California" during the period 2014 to present is not relevant to any issue in this case. Also, Plaintiffs' use of the request and response would be unfairly prejudicial and confusing to jurors because it indicate this is a larger or class action, and it is not. Additionally, whether FedEx Ground itself "authorize[d] meal periods" for Service Providers' employees across the State of California is not relevant to Plaintiffs' proofs, and it is prejudicial and confusing because it puts before the jury an issue that is not pertinent to their decision (i.e., potential implications of FedEx Ground being a "bad actor" for not authorizing such breaks itself when the real question is whether Bay Rim authorized breaks for its drivers). This Court has thrice rejected Plaintiffs' proposal to prove meal and rest break violations based on FedEx Ground's conduct divorced from Service Providers' practices. (*See* Order Denying Mot. for Class Cert. 15-16, ECF No. 171; Order on Def. FedEx Ground Package Sys., Inc.'s Mot. to Strike 7-8, ECF No. 184; Order Granting Mot. to Strike PAGA Claim Asserted Against Def. FedEx Ground Package Sys., Inc. 4-5, ECF No. 201.)

**RESPONSE TO OBJECTION:**

If FedEx Ground is an employer, it must provide meal rest periods by relieving them of duty. IWC Wage Order 9(12). This admission makes clear that FedEx Ground did not do anything to

comply with this obligation other than insert a clause in its standard ISP Agreement stating that ISPs should follow the law.

**REQUEST FOR ADMISSION NO. 26:**

During the period from March 5, 2014 to the present, FXG did not maintain any policy authorizing meal periods for pick-up and delivery drivers employed by Independent Service Providers in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

FedEx Ground objects to this request as stated in Objection Nos. 1, 2, 3, 4, and 5. Subject to, limited by, and without waiving such objections, FedEx Ground responds as follows:

**FedEx Ground admits that, during the Operative Period, it has not employed any pickup and delivery drivers that were employed by SPs in California. Accordingly, FedEx Ground has not established or published meal period policies of its own that applied to drivers.**

**The SPs that employed the drivers were, however, at all times during the Operative Period, required as stated in the SPs' written agreements with FedEx Ground, to comply with all California laws and regulations applicable to the SPs' employment of such drivers. Accordingly, FedEx Ground denies that the drivers were not provided with meal periods as required by California law.**

**Other than as expressly admitted above, FedEx Ground denies this request.**

**OBJECTION:**

Federal Rules of Evidence 402 and 403. This request and response relate to this case as a putative class action before the Court's denial of certification. What FedEx Ground did or did not do with respect to all "pick-up and delivery drivers employed by Independent Service Providers in California" during the period 2014 to present is not relevant to any issue in this case. Also, Plaintiffs' use of the request and response would be unfairly prejudicial and confusing to jurors because it indicate this is a larger or class action, and it is not. Additionally, whether FedEx Ground itself did not "maintain any policy authorizing meal periods" for Service Providers' employees across the State of California is not relevant to Plaintiffs' proofs, and it is prejudicial and confusing because it puts

Plf.'s Excerpts of Admissions
*Hinds, et al v. FedEx Ground Packaging System, et al.*           Case No. 18-cv-01431-JSW

before the jury an issue that is not pertinent to their decision (i.e., potential implications of FedEx Ground being a "bad actor" for not authorizing such breaks itself when the real question is whether Bay Rim authorized breaks for its drivers). This Court has thrice rejected Plaintiffs' proposal to prove meal and rest break violations based on FedEx Ground's conduct divorced from Service Providers' practices. (*See* Order Denying Mot. for Class Cert. 15-16, ECF No. 171; Order on Def. FedEx Ground Package Sys., Inc.'s Mot. to Strike 7-8, ECF No. 184; Order Granting Mot. to Strike PAGA Claim Asserted Against Def. FedEx Ground Package Sys., Inc. 4-5, ECF No. 201.)

**RESPONSE TO OBJECTION:**

If FedEx Ground is an employer, it must provide meal rest periods by relieving them of duty. IWC Wage Order 9(12). This admission makes clear that FedEx Ground did not do anything to comply with this obligation other than insert a clause in its standard ISP Agreement stating that ISPs should follow the law.

Respectfully submitted,

Dated: September 19, 2022        aiman-smith & marcy


_____/s/ Joseph Clapp_____
Joseph Clapp, Esq.
Attorneys for Plaintiffs