Brandy T. Cody, State Bar No. 196923
Email: bcody@fisherphillips.com
Amberly A. Morgan
Email: amorgan@fisherphillips.com
James C. Fessenden
email: jfessenden@fisherphillips.com
Fisher & Phillips LLP
4747 Executive Drive, Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9600

Jessica G. Scott, *appearing pro hac vice*
Email: scott@wtotrial.com
Andrew H. Myers, *appearing pro hac vice*
Email: myers@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and BAY RIM SERVICES, INC., a California corporation, <br><br> Defendants. | Case No. 4:18-cv-01431-JSW (AGT) <br><br> **FEDEX GROUND'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OFFERED, DISPUTED INSTRUCTIONS** <br><br> Action Filed: March 5, 2018 <br> FAC Filed: May 10, 2018 <br> Trial: October 24, 2022 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

LEGAL ANALYSIS ...................................................................................................... 1

I.      DISPUTED INSTRUCTION NO. 2 RE DEFINITION OF "EMPLOYER" ................... 2

II.     DISPUTED INSTRUCTION NO. 7 RE CALCULATION OF OVERTIME
        PAYMENTS OWED ........................................................................................... 6

III.    DISPUTED INSTRUCTION NO 8 RE ELEMENTS OF CLAIM FOR
        FAILURE TO PROVIDE MEAL PERIOD; DISPUTED INSTRUCTION NO. 9
        RE PROVIDE MEAL PERIOD DEFINED; DISPUTED INSTRUCTION NO.
        10 RE PRESUMPTION OF MEAL PERIOD VIOLATION ARISING FROM
        THE FAILURE TO RECORD MEAL PERIODS ........................................................ 8

IV.    DISPUTED INSTRUCTION NO. 11 RE ELEMENTS OF CLAIM FOR
        FAILURE TO AUTHORIZE PAID REST PERIODS ................................................. 9

V.     DISPUTED INSTRUCTION NO. 12 RE DUTY TO RECORD HOURS
        WORKED AND WAGES PAID .......................................................................... 10

VI.    DISPUTED INSTRUCTION NO. 13 RE ELEMENTS OF WAGE
        STATEMENT CLAIM ...................................................................................... 11

VII.   DISPUTED INSTRUCTION NOS. 16-20 RE PAGA CLAIMS OFFERED BY
        PLAINTIFFS ................................................................................................. 12

        A.     As to All of Plaintiffs' Proposed PAGA Instructions: There Is No Right
              to a Jury Trial, So the Proposed Instructions Should Not Be Given ................... 12

        B.     As to All of Plaintiffs' Proposed PAGA Instructions: Plaintiffs Cannot
              State They Are Acting on Behalf of the State of California and Other
              Drivers ............................................................................................. 13

        C.     Additionally, As to Plaintiffs' Proposed PAGA Instructions for Wage
              Statement (Disputed Instruction No. 19) and Waiting Time Violations
              (Disputed Instruction No. 20): Plaintiffs Cannot Seek Duplicate Penalties ....... 14

        D.     Additionally, As to Plaintiffs' Proposed PAGA Instructions for Overtime
              (Disputed Instruction No. 18) and Rest Break Violations (Disputed
              Instruction No. 16): Precluded By Previous Briefing on FedEx Ground's
              Motion to Strike ................................................................................. 14

        E.     Additionally, As to Plaintiffs' Proposed PAGA Instructions for Wage
              Statement Violations (Disputed Instruction No. 19) and Waiting Time
              (Disputed Instruction No. 20): Precluded As Derivative of Non-Existent
              Claims .............................................................................................. 15

i

FEDEX GROUND'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OFFERED,
DISPUTED INSTRUCTIONS
CASE NO. 4:18-CV-01431-JSW (AGT)

F.     Additionally, As to Plaintiffs' Proposed PAGA Instructions for Meal (Disputed Instruction No. 17) and Rest Break (Disputed Instruction No. 16) Violations: Precluded Based in Inaccurate Legal Tests ..............................16

FEDEX GROUND'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OFFERED, DISPUTED INSTRUCTIONS
CASE NO. 4:18-CV-01431-JSW (AGT)

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. ACTS-Aviation Sec., Inc.*,
No. 220-CV-05719-ODW-JEMX, 2021 WL 8153637
(C.D. Cal. Dec. 9, 2021) .................................................................................. 12

*Apple Inc. v. Samsung Elecs. Co.*,
No. 11-CV-01846-LHK, 2017 WL 3232424
(N.D. Cal. July 28, 2017) ................................................................................... 1

*Arroyo v. Int'l Paper Co.*,
No. 17-cv-06211, 2020 WL 887771
(N.D. Cal. Feb. 24, 2020) ................................................................................. 12

*Bishop v. Boral Indus., Inc.*,
No. 3:18-cv-02701-BEN-MSB, 2019 WL 4261975
(S.D. Cal. Sept. 9, 2019) .................................................................................... 8

*Brinker Rest. Corp. v. Super. Ct.*,
53 Cal. 4th 1004 (2012) ..................................................................................... 8

*Curry v. Equilon Enterprises, LLC*,
23 Cal. App. 5th 289 (2018) .................................................................. 2, 3, 4, 5

*Dang v. Cross*,
422 F.3d 800 (9th Cir. 2005) ............................................................................. 1

*ExxonMobil Corp. v. S. California Edison Co.*,
722 F. App'x 619 (9th Cir. 2018) ...................................................................... 1

*Guifu Li v. A Perfect Day Franchise, Inc.*,
No. 5:10-CV-01189-LHK, 2012 WL 2236752
(N.D. Cal. June 15, 2012) ............................................................................ 13, 14

*Hasbrouck v. Texaco, Inc.*,
842 F.2d 1034 (9th Cir. 1987)
*aff'd*, 496 U.S. 543 (1990) ................................................................................. 2

*Henderson v. Equilon Enterprises, LLC*,
40 Cal. App. 5th 1111 (2019) ..................................................................... 2, 4, 5

*In re Payless Shoesource, Inc.*,
No. 08-CV-2672 FCDGGH, 2009 WL 3233820
(E.D. Cal. Sept. 11, 2009) ................................................................................ 12

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
No. 20-17327, 2021 WL 5768466
(9th Cir. Dec. 6, 2021) ................................................................................... 2, 4

*Kowalski v. Shell Oil Co.*,
23 Cal. 3d 168 (1979) ........................................................................................ 6

*LaFace v. Ralphs Grocery Co.*,

75 Cal. App. 5th 388 (2022), *review denied*
(May 11, 2022) ................................................................................................................12

*Martinez v. Combs*,
49 Cal. 4th 35 (2010) .............................................................................................2, 3, 4

*Medina v. Equilon Enterprises, LLC*,
68 Cal. App. 5th 868 (2021) ........................................................................................3, 4

*Mejia v. Roussos Construction, Inc.*,
76 Cal. App. 5th 811 (2022) ............................................................................................3

*O'Connor v. Uber Techs., Inc.*,
No. 13-CV-03826-EMC, 2015 WL 8587589
(N.D. Cal. Dec. 10, 2015) ..............................................................................................12

*Ochoa v. McDonald's Corp.*,
133 F. Supp. 3d 1228 (N.D. Cal. 2015) ............................................................................4

*Ortega v. Watkins & Shephard Trucking, Inc.*,
No. SA CV 18-2414-DOC (KKx), 2019 WL 2871161
(C.D. Cal. Mar. 27, 2019) .................................................................................................8

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*,
212 F.3d 493 (9th Cir. 2000) ............................................................................................1

*Peralta v. Dillard*,
744 F.3d 1076 (9th Cir. 2014) ..........................................................................................1

*Ruelas v. Costco Wholesale Corp.*,
67 F. Supp. 3d 1137 (N.D. Cal. 2014) ............................................................................14

*Salazar v. McDonald's Corp.*,
944 F.3d 1024 (9th Cir. 2019) ......................................................................................2, 5

*Snap! Mobile, Inc. v. Croghan*,
No. 18-CV-04686-LHK, 2019 WL 3503376
(N.D. Cal. Aug. 1, 2019) ..................................................................................................8

*Speaks v. Mazda Motor Corp.*,
701 F. App'x 663 (9th Cir. 2017) .....................................................................................1

*Thomas v. CVS Health Corp.*,
No. 2:19-CV-04283-R-FFM, 2019 WL 3526344
(C.D. Cal. Aug. 1, 2019) .................................................................................................12

*Tull v. United States*,
481 U.S. 412 (1987) .......................................................................................................12

*United States v. Hayes*,
794 F.2d 1348 (9th Cir. 1986) ..........................................................................................1

*Utne v. Home Depot U.S.A., Inc.*,
No. 16-CV-01854-RS, 2019 WL 3037514
(N.D. Cal. July 11, 2019) ...............................................................................................11

iv

*Whitehead v. Pacifica Senior Living Mgmt. LLC*,
No. 18-CV-01767-JSW, 2019 WL 13117458
(N.D. Cal. Jan. 3, 2019)...................................................................................13, 14

*Williams v. Costco Wholesale Corp.*,
No. 18-cv-00884-JSW, 2020 WL 13505060
(N.D. Cal. July 10, 2020)................................................................................2, 3, 4, 6

*Williams v. Costco Wholesale Corp.*,
No. 20-16455, 2021 WL 5026837
(9th Cir. Oct. 29, 2021)...................................................................................2, 5

*Williams v. Nichols Demos, Inc.*,
No. 18-cv-00884-JSW, 2018 WL 11236757
(N.D. Cal. June 20, 2018)................................................................................2, 6

*Winkler v. City of Phoenix*,
849 F. App'x 664 (9th Cir. 2021) ...................................................................1

*Woods v. Vector Mktg. Corp.*,
No. C-14-0264 EMC, 2015 WL 2453202
(N.D. Cal. May 22, 2015)................................................................................11

## **Statutes**

California Labor Code Section 203 ...................................................................11, 14

California Labor Code Section 226 ...................................................................11

California Labor Code Section 226.3 ................................................................14

California Labor Code Section 515 ...................................................................6

California Labor Code Section 558 ...................................................................14

California Labor Code Section 1197.1 ..............................................................14

California Labor Code Section 2699 .................................................................13, 14

California Labor Code Section 2699.3 ..............................................................13

v

FEDEX GROUND'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OFFERED,
DISPUTED INSTRUCTIONS
CASE NO. 4:18-CV-01431-JSW (AGT)

FedEx Ground submits this memorandum of law in opposition to Plaintiffs' offered, disputed instructions, pursuant to the Court's Guidelines for Trial, Rule 2(b).

## **LEGAL ANALYSIS**

"Jury instructions must be supported by the evidence, fairly and adequately cover the issues presented, correctly state the law, and not be misleading." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (internal quotation marks omitted). The applicable law governing the parties' claims and defenses, whether state of federal, controls the substantive content of jury instructions. *See, e.g.*, *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 508 (9th Cir. 2000); *cf. Winkler v. City of Phoenix*, 849 F. App'x 664, 667 (9th Cir. 2021) ("An instruction is plainly erroneous when it impermissibly deviates from established legal principles.") (internal quotation marks omitted). Jury instructions must "fairly and correctly" state the applicable law and include sufficient guidance to provide the jury a complete understanding of the legal and factual issues presented. *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) ("In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." (internal quotation marks and modifications omitted)).[1] Legally inaccurate and incomplete instructions are legal errors that are reviewed de novo. *Id.*

On the other hand, the district court has "has broad discretion" in formulating appropriate jury instructions, and the language and formulation of an instruction is reviewed for abuse of discretion. *United States v. Hayes*, 794 F.2d 1348, 1351 (9th Cir. 1986). "[N]o particular formulation or wording is necessary" for jury instructions, provided they are legally

---

[1] *See also ExxonMobil Corp. v. S. California Edison Co.*, 722 F. App'x 619, 622 (9th Cir. 2018) (holding that the district court "erred by giving incomplete instructions to the jury" that "did not fairly and adequately cover" a key "principle that was central to [the plaintiff's] theory of liability" (internal quotation marks omitted)); *Speaks v. Mazda Motor Corp.*, 701 F. App'x 663, 665 (9th Cir. 2017) (district court erred despite giving limiting instruction regarding misuse evidence because "its failure to also instruct the jury that foreseeable misuse is not a defense to a strict products liability claim under Montana law left the jury awash with misuse evidence yet without instructions that fairly and adequately covered the issues presented" (internal quotation marks omitted)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 3232424, at *11 (N.D. Cal. July 28, 2017) ("In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." (citation omitted).)

correct, and trial courts are not bound to use model instructions. *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1044 (9th Cir. 1987) ("So long as the instructions on each element of the case are adequate to ensure that the jury fully understands the issues, no particular formulation or wording is necessary."), *aff'd*, 496 U.S. 543 (1990).

## I.     DISPUTED INSTRUCTION NO. 2 RE DEFINITION OF "EMPLOYER"

Plaintiffs' offered instruction on joint employment under California law is not a correct statement of the test in any respect other than that it appropriately recognizes that it is Plaintiffs' burden to prove joint employment by a preponderance of the evidence and correctly states the first of three tests (albeit without necessary further elaboration on what it means to assist the jury). There is a wealth of case law from both the California courts (including the California Supreme Court) and the Ninth Circuit that set out the three different tests for proving joint employment and elaborate on how they should be analyzed. *Martinez v. Combs*, 49 Cal. 4th 35, 64, 68-77 (2010); *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029-32 (9th Cir. 2019); *Williams v. Costco Wholesale Corp.*, No. 20-16455, 2021 WL 5026837, at *1-2 (9th Cir. Oct. 29, 2021); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 20-17327, 2021 WL 5768466, at *1-2 (9th Cir. Dec. 6, 2021); *Curry v. Equilon Enterprises, LLC*, 23 Cal. App. 5th 289, 303-11 (2018); *Henderson v. Equilon Enterprises, LLC*, 40 Cal. App. 5th 1111, 1118, 1120-22 (2019). Indeed, this Court has analyzed the joint employment questions under California law at both a motion-to-dismiss stage and summary-judgment stage. *Williams v. Nichols Demos, Inc.*, No. 18-cv-00884-JSW, 2018 WL 11236757, at *3-5 (N.D. Cal. June 20, 2018); *Williams v. Costco Wholesale Corp.*, No. 18-cv-00884-JSW, 2020 WL 13505060, at *3-5 (N.D. Cal. July 10, 2020).

This Court is bound by both *Martinez* from the California Supreme Court and the Ninth Circuit's case in *Salazar*; and these two binding cases lie atop the pile of consistent, persuasive case law from the California Court of Appeal and federal district courts (including this one) that follow their instructions, just cited and further discussed below. This Court found as much in its order denying class certification (Order Denying Mot. for Class Cert. 6-8, ECF No. 171), and case law has only continued to develop and clarify even more since then, including with

the Ninth Circuit's affirmance of this Court's grant of summary judgment to Costco (the putative joint employer) in the *Williams* case. Despite all of this, Plaintiffs choose to make up and reframe two of the three joint employment tests. First, Plaintiffs have replaced the "engaged to work" test with a test asking whether FedEx Ground "[e]xercised sufficient control over Bay Rim to indirectly control the wages, hours, or working conditions of the Plaintiff." Such a "test" exists in only one outlier case, standing alone against the wealth of cases mentioned above and below.

And, one of the few cases Plaintiffs cite in support of their instruction is *Mejia v. Roussos Construction, Inc.*, 76 Cal. App. 5th 811 (2022), which is not a joint employer case at all, *id.* at 821 ("[t]he instant case . . . is not a joint employment case"). *Mejia* is an independent contractor misclassification case that applies the "suffer or permit" test as used in *Dynamex*, which all courts in joint employment cases acknowledge is a different test. *See, e.g.*, *Williams*, 2020 WL 13505060, at *6. It would most assuredly be reversible error for the Court to rely on a misclassification case to craft a joint employment jury instruction, particularly when there is so much case law describing, applying, and elaborating on California's joint employment test.

The sole outlier case of *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021), which <u>is</u> a joint employment case, does not support Plaintiffs' proposed instruction. First, *Medina* does not set out such an additional joint employment test as Plaintiffs describe; nor could *Medina*—a division of the California Court of Appeal does not have the power to create new or different tests from the binding case of *Martinez*. Second, *Medina* is the only case to have found, "If the putative joint employer instead exercises enough control over the intermediary entity to indirectly dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment." *Id.* at 879; *compare with Martinez*, 49 Cal. 4th at 52, 72 (rejecting argument that defendants were joint employers because under the terms of their contracts with the direct employer, they controlled the remittance of the direct employer's profits (and thus a portion of income from which he paid his employees)); *Curry*, 23 Cal. App. 5th at 303 ("The flaw in Curry's argument lies in the phrase 'ARS directed Curry.' We are examining whether Shell exercised control over Curry's

wages, hours, or working conditions. Curry's argument reflects Shell exercised control over ARS, and, in turn, ARS exercised control over Curry, but Curry has not explained how Shell exercised control over Curry's wages, hours, or working conditions. Shell required particular tasks be performed by ARS, but did not mandate who or how many employees execute the tasks."); *id.* at 304 ("Shell did not mandate that Curry perform the tasks; rather, Shell required that ARS complete the tasks, and ARS placed the burden on Curry."); *Henderson*, 40 Cal. App. 5th at 1120 ("While Shell exercised control over ARS, and ARS exercised control over the plaintiff, the plaintiff did not explain how Shell exercised control over her own working conditions."); *In re Volkswagen*, 2021 WL 5768466, at *1 ("Control over wages requires more than just any impact on an individual's pay."). When this Court analyzed the first test regarding direct or indirect control over wages, hours, or working conditions, it correctly recognized:

> "California courts have circumscribed this definition by denying employer liability for entities that may be able to influence the treatment of employees but lack the authority to directly control their wages, hours or conditions."

*Williams*, 2020 WL 13505060, at *4 (quoting *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1233 (N.D. Cal. 2015)). *Medina* thus stands alone in focusing its analysis on the relationship between the direct employer and the putative joint employer having an "indirect" impact, as opposed to the relationship between the employees and the putative joint employer.

*Medina* also is the only case to consider removal of the direct employer's employee from the putative joint employer's premises and the putative joint employer's ability to terminate the contract with the direct employer as satisfying the "suffer or permit to work" test. 68 Cal. App. 5th at 876; *compare with Martinez*, 49 Cal. 4th at 70 ("Here, neither Apio nor Combs suffered or permitted plaintiffs to work because neither had the power to prevent plaintiffs from working. Munoz and his foremen had the exclusive power to hire and fire his workers, to set their wages and hours, and to tell them when and where to report to work."); *id.* ("Perhaps Apio or Combs, by ceasing to buy strawberries, might as a practical matter have forced Munoz to lay off workers or to divert their labor to other projects, such as harvesting

berries for the other defendant, for Frozsun, or for Ramirez Brothers. But any substantial purchaser of commodities might force similar choices on a supplier by withdrawing its business. Such a business relationship, standing alone, does not transform the purchaser into the employer of the supplier's workforce."); *Curry*, 23 Cal. App. 5th at 306-07 ("The MSO contract authorizes Shell to have ARS remove an ARS employee from a station, but does not permit Shell to terminate any ARS employee's employment. For example, if Shell requested Curry be permanently removed from its stations, then ARS could employ Curry in its offices or assign Curry the offsite task of driving around checking competing station's gas prices."); *id.* at 311 ("In regard to suffering by a failure to hinder, Shell had the authority to have Curry removed from the station upon 'good cause shown.' There is no evidence indicating what Shell may have cited as good cause for physically removing Curry from the station so as to prevent her from working her regularly scheduled shifts. Because the 'good cause shown' clause was not triggered, Shell could not have Curry physically removed from the station. Thus, Shell did not have the ability to hinder Curry's work and, in turn, could not have failed to hinder Curry's work. In sum, Shell has met its burden of establishing there is not a triable issue of fact concerning Shell being Curry's employer based on the definition of suffering or permitting Curry to work."); *Henderson*, 40 Cal. App. 5th at 1121-22 ("While Shell retained the right to ask Danville to 'remove' an employee from a Shell-owned station 'for good cause shown,' Henderson does not dispute that Shell had no right to fire him. As the trial court below found, removal cannot be synonymous with discharge when the subsequent sentence in the MSO Agreement provides that Shell 'shall *not* select, hire, *discharge*, supervise, or instruct any of Danville's employees.'" (italics in original)); *Salazar*, 944 F.3d at 1030 (concurring with *Curry*, finding McDonald's did not suffer or permit the work because McDonald's was "not in a position to terminate the plaintiff or hire a different person to perform the tasks he performed" (internal quotation marks and brackets omitted)); *Williams*, 2021 WL 5026837, at *2 ("[T]he district court correctly concluded that Costco did not 'suffer or permit' Williams to work. Williams argues that Costco employed her under this definition because it could stop her from working by barring her from a Costco warehouse. However, [her direct employer] indisputably

retained the exclusive contractual power to fire Williams, and her evidence does not raise a triable issue as to whether Costco had the practical authority to cause her to be fired."); *Williams*, 2020 WL 13505060, at *4 (rejecting the plaintiff's theory to show control: "She also argues that because Costco had the authority to bar a roadshow representative from its premises, it effectively had the power to terminate a roadshow representative though she does not present evidence that Costco ever barred her from a roadshow."); *id.* at *5 ("Plaintiff argues that Costco's ability to ask a roadshow representative to leave its premises was tantamount to firing them. However, even if a Costco manager had made such a request to Ms. Williams, she does not argue that it would have terminated her employment with Nichols or Flair . . ."); *Williams*, 2018 WL 11236757, at *5; *see also Kowalski v. Shell Oil Co.*, 23 Cal. 3d 168, 177 n.9 (1979) ("[T]hat an alleged special employer can have an employee removed from the job site does not necessarily indicate the existence of a special employment relationship. Anyone who has the employees of an independent contractor working on his premises could, if dissatisfied with an employee, have the employee removed. Yet, the ability to do so would not make the employees of the independent contractor the special employees of the party receiving the services.").

The Court should reject Plaintiffs' proposed California joint employment instruction.

## II.   DISPUTED INSTRUCTION NO. 7 RE CALCULATION OF OVERTIME PAYMENTS OWED

FedEx Ground disputes Plaintiffs' proposed instruction because it is legally incorrect, unnecessary, and risks confusing and misleading the jury. The first sentence of Plaintiffs' proposed instruction inaccurately states that "[p]ayment of a weekly salary to <u>an employee</u> provides compensation only for the employee's regular, nonovertime hours, regardless of any private agreement to the contrary." (Emphasis added.) That rule, however, applies <u>only</u> to employees who are <u>not exempt from overtime</u>, an important clarifying limitation that is lacking from Plaintiffs' proposed instruction. *See* Cal. Lab. Code § 515(d)(2) ("Payment of a fixed salary to a <u>nonexempt employee</u> shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the

contrary." (emphasis added)). Here, that clarification is significant because it is undisputed that Plaintiffs were exempt from overtime pay for most of their employment with Bay Rim. Plaintiffs' proposed instruction, therefore, risks confusing and misleading the jury into the false belief that Plaintiffs may recover unpaid "overtime" even when they were exempt under California law.

The risk of confusing and misleading the jury with an incorrect statement of law is exacerbated here because the first sentence of Plaintiffs' proposed instruction is unnecessary and irrelevant. The Parties' stipulated instruction on the overtime claim instructs the jury that (1) the Plaintiff must prove the "amount of overtime pay owed" and (2) "overtime pay" is equal to 1.5 times the employee's "regular rate of pay." (Stipulated Instruction No. 6 re Nonpayment of Overtime Compensation – Essential Factual Elements.) And, though FedEx Ground maintains that its proposed instruction is clearer, both proposed instructions direct the jury to use 1/40[th] of the employee's weekly salary as the regular hourly rate from which to calculate the amount of overtime pay owed (i.e., the regular rate of pay). (*See* Disputed Instruction No. 7 re Overtime Claim – Regular Rate of Pay Offered by FedEx Ground.) The first sentence of Plaintiffs' proposed instruction adds nothing to the analysis. Indeed, Plaintiffs do not even attempt to offer the jury any direction on how to use or apply that information at all and, if the jury was to apply it as written, it would override the light vehicle limitations to Plaintiffs' claims.

Finally, while FedEx Ground agrees that the second sentence of Plaintiffs' proposed instruction is legally accurate, it submits that its own proposed instruction provides the same information in clearer language. Accordingly, Plaintiffs' proposed instruction should be rejected in favor of FedEx Ground's proposed Disputed Instruction No. 7 re Overtime Claim – Regular Rate of Pay. However, if the Court prefers to adopt the second sentence of Plaintiffs' instruction and deletes the incorrect nonexempt employee language, FedEx Ground has no objection.

**III.    DISPUTED INSTRUCTION NO 8 RE ELEMENTS OF CLAIM FOR FAILURE
TO PROVIDE MEAL PERIOD; DISPUTED INSTRUCTION NO. 9 RE PROVIDE
MEAL PERIOD DEFINED; DISPUTED INSTRUCTION NO. 10 RE PRESUMPTION
OF MEAL PERIOD VIOLATION ARISING FROM THE FAILURE TO RECORD
MEAL PERIODS**

Plaintiffs' proposed meal break instructions (Disputed Instruction Nos. 8, 9, and 10) are
incomplete, confusing, and misstate the law.

Their instruction on elements of the claim (Instruction No. 8) does not explain that an
employer only has a responsibility to provide an opportunity to take a meal break and is not
liable if the employee chooses to work through it. *See Brinker Rest. Corp. v. Super. Ct.*, 53
Cal. 4th 1004, 1040 (2012) ("The employer satisfies this obligation if it . . . permits them a
reasonable opportunity to take an uninterrupted 30-minute break . . . ."). Plaintiffs' own
Disputed Instruction No. 9 uses the "reasonable opportunity" language.

Nor does Plaintiffs' Disputed Instruction No. 8 explain that Plaintiffs must prove that
Bay Rim and FedEx Ground knew or reasonably should have known that Plaintiffs were not
provided a reasonable opportunity to take a meal period even though the law is clear that
liability "is contingent on proof [Defendants] knew or should have known off-the-clock work
was occurring." *See id.* at 1051. Numerous courts have directly imposed *Brinker*'s statement
that "liability is contingent on proof [the employer] knew or should have known off-the-clock
work was occurring" to meal period claims under section 226.7. *See, e.g., Bishop v. Boral
Indus., Inc.*, No. 3:18-cv-02701-BEN-MSB, 2019 WL 4261975, at *3 (S.D. Cal. Sept. 9, 2019);
*Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 3503376, at *12 (N.D. Cal.
Aug. 1, 2019); *Ortega v. Watkins & Shephard Trucking, Inc.*, No. SA CV 18-2414-DOC
(KKx), 2019 WL 2871161, at *5 (C.D. Cal. Mar. 27, 2019).

Plaintiffs' Disputed Instruction No. 8 also is confusing in that it lists items as elements
of Plaintiffs' claim—items (3) and (4) on their instruction—that are seemingly duplicative of
the first two items on the list and that really are not elements of the claim at all. Rather, those
items are related to establishing the amount of damages. This leads to another weakness with

Plaintiffs' proposed alternative—and relative strength of FedEx Ground's proposed alternative. FedEx Ground's instruction explains how the jury should rule depending on its findings on the individual claim elements and then how it should fill out the verdict form. Plaintiffs' instruction leaves the jury to guess as to how it should complete those tasks.

Plaintiffs' Disputed Instruction No. 9 is accurate; however, FedEx Ground's instruction contains the same language, but streamlined in one instruction with the other claim elements so as not to result in confusion by having them separated. The "reasonable opportunity language" is an element of Plaintiffs' claim and should not be divorced from the main instruction.

Plaintiffs' Disputed Instruction No. 10 does accurately state the law on the presumption of meal period violations from the failure to keep accurate records, but is confusing when given as a separate instruction. The presumption applies only when the jury is determining whether or not a primary employer committed a meal break violation, and should be directed towards Bay Rim. If the jury is not so directed, it is likely to be confused as to how the presumption applies against FedEx Ground when, in fact, an alleged joint employer will not maintain time records at all and should not be subject to the presumption.

## IV.  DISPUTED INSTRUCTION NO. 11 RE ELEMENTS OF CLAIM FOR FAILURE TO AUTHORIZE PAID REST PERIODS

Plaintiffs' proposed rest break instruction (Disputed Instruction No. 11) suffers from the same infirmities as their meal break instruction, discussed in more detail below. The instruction does not explain that an employer is not liable if a rest break is available and the employee chooses not to take it, or if the employer does not know, and reasonably should not know, that the employee was unable to take a break.. The instruction includes items as "elements of claim" that are really not claim elements, such as Plaintiffs' rate of compensation. Also, the instruction is likely to confuse the jury because, unlike FedEx Ground's proposed instruction, it does not explain to the jury the verdict it must reach if it finds claim elements have or have not been met and does not explain how to complete the verdict form.

In addition to these insufficiencies, Plaintiffs' proposed instruction suffers from a more fundamental problem because it is missing an essential element of the claim. Indeed, it omits

any requirement that Plaintiffs prove that rest periods were unavailable on days that they worked at least 3.5 hours of work. Instead, as written, the instruction would hold a Defendant liable for a rest period violation every time an employee worked more than 3.5 hours, even if that employee took a rest break. That is not the law, and Plaintiffs' instruction therefore cannot be given. (*Cf.* Order Denying Mot. for Class Cert. 16, ECF No. 171 ("If an ISP paid a putative class members [sic] or provided a class member with rest and meal breaks, that class member would not have suffered harm as a result of FedEx's failure to do so. To conclude otherwise could lead to the conclusion that class members would be entitled to what would amount to a windfall, *i.e.*, recovery from FedEx based simply on its lack of policies, even though a direct employer actually complied with the Labor Code and with Wage Order 9.").)

## V.     DISPUTED INSTRUCTION NO. 12 RE DUTY TO RECORD HOURS WORKED AND WAGES PAID

FedEx Ground objects to Plaintiffs' proposed instruction because it is likely to confuse and mislead the jury. To the extent relevant to Plaintiffs' claims for missed meal breaks, the presumption that arises from an employer's failure to maintain records of meal breaks is already addressed in both Parties' proposed instructions relating to that specific claim. (Disputed Instruction No. 8 re Elements of Claim for Failure to Provide Meal Period Offered by Plaintiffs; Disputed Instruction No. 8 re Failure to Provide Meal Periods – Essential Factual Elements Offered by FedEx Ground.) Aside from that issue, which is appropriately addressed elsewhere and directly, the proposed instruction does not pertain to any determination the jury needs to make in reaching a verdict on Plaintiffs' claims. Nor does the proposed instruction— or any other instruction—even purport to offer any guidance on how an employer's record-keeping obligations impacts Defendants' liability or otherwise relates to the jury's deliberations. Instead, Plaintiffs propose nothing more than a bare (and irrelevant) statement of law without any additional context or direction. Such a context-less statement would serve only to confuse and mislead the jury as to the significance of these record-keeping requirements with respect to Plaintiffs' claims by allowing jurors to assume there must be adverse legal consequences for any alleged failure to maintain the required records. That risk is even more

pronounced because the jury will be instructed on the presumption of missed meal breaks that arises from the failure to record meal periods. This proposed instruction should be rejected.

## VI.    DISPUTED INSTRUCTION NO. 13 RE ELEMENTS OF WAGE STATEMENT CLAIM

In conferral, Plaintiffs indicated their only objection to FedEx Ground's proposed wage statement instruction is inclusion of good faith. Despite that, Plaintiffs propose an alternate instruction that differs in many respects other than that.

Critically, Plaintiffs' instruction does not indicate what Plaintiffs claim make their wage statements inaccurate—that is, that they did not include payment for overtime or meal and rest breaks. The instruction does not indicate the derivative nature of that claim even though this has never been disputed by the Parties—if Plaintiffs were not entitled to overtime or meal and rest breaks during a pay period, then their wage statements were not inaccurate and there can be no violation. As a result, that missing concept from Plaintiffs' proposed instruction necessarily means the instruction cannot be given.

Second, Plaintiffs' instruction does not include that if FedEx Ground proves the existence of a good-faith dispute, that negates the required "knowing and intentional" element required for Plaintiffs' wage statement claim. The "good-faith dispute" defense "has been extended by courts to apply to California Labor Code Section 226 wage statement penalties, even though Section 226 contains a 'knowing and intentional' standard rather than the 'willfully' standard of Section 203." *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 2453202, at *2–4 (N.D. Cal. May 22, 2015) (collecting cases and granting summary judgment on waiting time and wage statement claims based on employer's good-faith belief that plaintiffs were contractors, not employees). As one court observed, "[g]iven the similarity between the[] two governing standards [in California Labor Code Sections 203 and 226], it is only logical that the good faith defense would apply to both Sections, not merely to section 203." *Utne v. Home Depot U.S.A., Inc.*, No. 16-CV-01854-RS, 2019 WL 3037514, at *6 (N.D. Cal. July 11, 2019) (granting summary judgment on wage statement claims because the employer had a good-faith defense). Thus, "the majority view is that an employer's good faith

belief that it is not violating the California Labor Code precludes a finding of a knowing and intentional violation." *Arroyo v. Int'l Paper Co.*, No. 17-cv-06211, 2020 WL 887771, at *11 (N.D. Cal. Feb. 24, 2020) (citing cases). FedEx Ground will present evidence that there was a good-faith dispute that it was Plaintiffs' joint employer and the jury should therefore be instructed on it.

Plaintiffs' legally inaccurate and incomplete instruction should not be given.

## VII. DISPUTED INSTRUCTION NOS. 16-20 RE PAGA CLAIMS OFFERED BY PLAINTIFFS

### A. As to All of Plaintiffs' Proposed PAGA Instructions: There Is No Right to a Jury Trial, So the Proposed Instructions Should Not Be Given

FedEx Ground objects to Plaintiffs' attempt to submit their representative PAGA claims to the jury. California state and federal courts agree that there is no right to a jury trial for PAGA claims. *See LaFace v. Ralphs Grocery Co.*, 75 Cal. App. 5th 388, 401 (2022), *review denied* (May 11, 2022); *Abrams v. ACTS-Aviation Sec., Inc.*, No. 220-CV-05719-ODW-JEMX, 2021 WL 8153637, at *1 (C.D. Cal. Dec. 9, 2021) ("PAGA claims are tried by bench."); *Thomas v. CVS Health Corp.*, No. 2:19-CV-04283-R-FFM, 2019 WL 3526344, at *3 (C.D. Cal. Aug. 1, 2019) (no right to a jury trial for PAGA claims); *O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2015 WL 8587589, at *3 (N.D. Cal. Dec. 10, 2015) ("[T]he PAGA claim does not appear to be a damages claim with any right to a jury.").

This is because PAGA actions are equitable, not legal, in nature. *LaFace*, 75 Cal. App. 5th at 401. PAGA "is not a garden variety civil penalty action," but is more like an administrative regulatory enforcement action that occurs without a jury. *Id.* at 398-400. Plaintiffs rely on *Tull v. United States*, 481 U.S. 412 (1987), arguing that because PAGA awards civil penalties, the claims are legal in nature and thus tried to a jury. But it is not that simple. As the court in *In re Payless Shoesource, Inc.*, No. 08-CV-2672 FCDGGH, 2009 WL 3233820, at *3 (E.D. Cal. Sept. 11, 2009), explained when rejecting a similar attempt to apply *Tull* to a California statute, the Seventh Amendment right to a jury trial does not apply to California statutes that are "informational and preventative rather than compensatory in [their]

nature." (internal quotation marks omitted).

PAGA is just such a statute. An employee seeking PAGA penalties must first satisfy certain notice requirements intended to give the state agency an opportunity to investigate the claim its own. Cal. Lab. Code § 2699.3. And, PAGA actions involve derivative claims for penalties awardable to a worker along with the government. *See* Cal. Lab. Code § 2699(j) (75% of penalties assessed are paid to the state agency "for education of employers and employees about their rights and responsibilities under this code"); *see also Whitehead v. Pacifica Senior Living Mgmt. LLC*, No. 18-CV-01767-JSW, 2019 WL 13117458, at *3 (N.D. Cal. Jan. 3, 2019) ("The purpose of PAGA is not to recover damages . . . ."). *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *17 (N.D. Cal. June 15, 2012) ("PAGA penalties are separate and apart from the actual damages that a Plaintiff may recover under other labor code sections.").

Even though these claims, and therefore instructions, should not go to the jury. To preserve its substantive objections to Plaintiffs' proposed instructions, FedEx Ground addresses them next.

**B.      As to All of Plaintiffs' Proposed PAGA Instructions: Plaintiffs Cannot State They Are Acting on Behalf of the State of California and Other Drivers**

Each of Plaintiffs' PAGA instructions states they "seek civil penalties on behalf of the State of California and on behalf of other drivers employed by Bay Rim." Plaintiffs should not be permitted to state they seek penalties "on behalf of the State of California" in any jury instruction. Such a statement could mislead the jury into believing that the State of California has somehow endorsed Plaintiffs' PAGA claims, give undue importance to the claims, and prejudice FedEx Ground in its defense of those claims. The language is also unnecessary and confusing.

The same is true for Plaintiffs' statement that they seek civil penalties "on behalf of other drivers." Again, this is misleading; particularly where those other drivers do not receive a dime of any such penalties or from this case. Pursuant to the statute, the Court will calculate any PAGA penalties, including any discretionary reduction of penalties, and allocate them 25%

to Plaintiffs and 75% to the Labor and Workforce Development Agency (not "the State of California"). Cal. Lab. Code § 2699(e)(2) & (i) . Plaintiffs' misleading and prejudicial instruction should be rejected.

### C. Additionally, As to Plaintiffs' Proposed PAGA Instructions for Wage Statement (Disputed Instruction No. 19) and Waiting Time Violations (Disputed Instruction No. 20): Plaintiffs Cannot Seek Duplicate Penalties

FedEx Ground objects to Plaintiffs' pursuit of PAGA penalties arising out of alleged Labor Code wage statement and waiting time violations. Any PAGA penalties for these two violations would be duplicative of the penalties available under the Labor Code. *Whitehead*, 2019 WL 13117458, at *4 ("[T]o the extent Plaintiff seeks penalties under sections 203, 226.3, 558, and 1197.1, Plaintiff cannot also seek duplicative penalties under section 2699(f) because 'section 2699(f) allows an individual to seek relief . . . only where the Code provides no civil penalties.'") (quoting *Ruelas v. Costco Wholesale Corp.*, 67 F. Supp. 3d 1137, 1142 (N.D. Cal. 2014)); *see also Guifu Li*, 2012 WL 2236752, at *17 (refusing to award PAGA penalties for failure to provide accurate wage statements when Labor Code penalty had already been awarded because it "would be duplicative recovery").

### D. Additionally, As to Plaintiffs' Proposed PAGA Instructions for Overtime (Disputed Instruction No. 18) and Rest Break Violations (Disputed Instruction No. 16): Precluded By Previous Briefing on FedEx Ground's Motion to Strike

FedEx Ground objects to Plaintiffs' pursuit of representative PAGA claims based on overtime and rest break violations. The Court granted FedEx Ground's motion to strike Plaintiffs' PAGA claim based on alleged overtime violations. (ECF No. 184 at 5 n.5.) Plaintiffs attempt to argue that they conceded only that their PAGA claim based on overtime violations could not proceed as to all driver employees employed by any Service Provider in the state and maintained their PAGA claims as to overtime violations as to Bay Rim drivers only. But that is not what occurred in the briefing. FedEx Ground's motion to strike requested that Plaintiffs' entire PAGA claim be stricken on manageability grounds; FedEx Ground did not limit this

argument to requesting that only a <u>part</u> of Plaintiffs' PAGA claim be stricken as to those drivers not employed by Bay Rim. (*See generally* Mot. to Strike (ECF No. 180).) Indeed, when FedEx Ground intended to limit its standing argument to only non-Bay Rim drivers, it said so (which argument was later rejected by the Court). (*Id.* at 14-15.) In Plaintiffs' opposition, they said <u>nothing</u> about manageability of overtime claims—not as to a group of Bay Rim drivers only, or the larger group of drivers across the state. (*See generally* Pls.' Opp'n to Mot. to Strike, ECF No. 182.) The word "overtime" appears nowhere in their opposition brief. (*See id.*) The Court therefore properly ruled the PAGA claim based on purported overtime violations should be stricken; and the Court did not limit that ruling to only non-Bay Rim drivers. (ECF No. 184 at 5 n.5.) Because Plaintiffs never even attempted to argue that it would be manageable to prove a PAGA claim on a smaller group of drivers, FedEx Ground never got the chance to respond to such an argument, and the Court was never presented with it to analyze.

Similarly, Plaintiffs abandoned their representative PAGA rest break claim in later briefing on FedEx Ground's motion to strike. (ECF No. 201 at 5 (focusing their argument on the meal break claim and admitting that the representative rest break claims are "difficult" to prove).) Not only does this show that Plaintiffs abandoned an attempt to prove up rest breaks for their PAGA claims, but it re-emphasizes that they provided the Court with no basis on which they could prove the overtime violations, even as to a Bay-Rim-only group.

Plaintiffs are not permitted to revive these claims for trial.

**E. Additionally, As to Plaintiffs' Proposed PAGA Instructions for Wage Statement Violations (Disputed Instruction No. 19) and Waiting Time (Disputed Instruction No. 20): Precluded As Derivative of Non-Existent Claims**

FedEx Ground also objects to Plaintiffs' representative waiting time and wage statement PAGA claims to the extent they seek to prove the claims based on their failed representative overtime and rest break claims. Plaintiffs' wage statement and waiting time claims are derivative of their meal and rest break and overtime claims. (*See* Disputed Instruction No. 13 re Wage Statements Offered by FedEx Ground; Stipulated Instruction No.

14 re Waiting Time Penalties.) Because, as just discussed, Plaintiffs are not permitted to pursue their representative overtime and rest break claims, they cannot rely on those purported violations to support their waiting time and wage statement claims.

### F. Additionally, As to Plaintiffs' Proposed PAGA Instructions for Meal (Disputed Instruction No. 17) and Rest Break (Disputed Instruction No. 16) Violations: Precluded Based in Inaccurate Legal Tests

FedEx Ground objects to Plaintiffs' Disputed Instruction Nos. 16 and 17, for the same reasons that it objects to Plaintiffs' Disputed Instruction Nos. 8, 9, 10 and 11: they are not accurate statements of the law. *See* Sections III and IV above.

Dated: <u>September 19, 2022</u>       Respectfully submitted,

WHEELER TRIGG O'DONNELL LLP

By: <u>*/s/ Jessica G. Scott*</u>
     JESSICA G. SCOTT

Attorney for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.