Joseph Clapp, Esq., SBN 99194
AIMAN-SMITH & MARCY
7677 Oakport Street, Suite 1150
Oakland, CA 94621
Telephone: (510) 590-7115/Facsimile: (510) 562-6830
Email: jc@asmlawyers.com

Ronald A. Marron, Esq.
Michael T. Houchin, Esq.
Lilach Halperin, Esq,
Kas L. Gallucci, Esq.
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive, San Diego, CA 92103
Telephone: (619) 696-9006/Facsimile: (619) 564-6665
Email: ron@consumersadvocates.com
Email: michael@consumersadvocates.com
Email: lilach@consumersadvocates.com
Email: kas@consumersadvocates,com

Timothy D. Cohelan, Esq., SBN 60827
Isam C. Khoury, Esq., SBN 58759
J. Jason Hill, Esq., SBN 179630
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000
Email: tcohelan@ckslaw.com
Email: jkhoury@ckslaw.com
Email: jhill@ckslaw.com

Counsel for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., corporation; BAY RIM SERVICES, INC., a corporation; and Does 1 through 25, inclusive, <br><br> Defendants. | Case No.: 4:18-cv-01431-JSW (AGT) <br><br> **Plaintiffs' Supplemental Opposition to Motion in Limine No. 4** <br><br> Judge: Honorable Jeffrey S. White <br> Department: 5 <br><br> Re: Dkt. No. 222, 239 |

FedEx Ground's motion *in limine* no 4 seeks to "preclude Plaintiffs from offering evidence of DOT compliance solely to prove joint employment, from arguing that compliance with DOT regulations is evidence of joint employment, and from attributing DOT regulations to 'FedEx Ground requirements of control.'" Dkt. 222 at 7:7:2325. This court has ordered the Plaintiffs to file a supplemental opposition to this motion. Dkt. 239. In particular, this court has ordered the Plaintiffs to specify the provisions of the Bay Rim ISP Agreement (ISPA) upon which they intend to rely and to explain why those provisions are relevant. *Id.* at 1:17-19.

At the threshold, Plaintiffs interpret this order as limited to specifying those ISPA provisions in which FedEx Ground requires Bay Rim to comply with DOT regulations. This interpretation excludes those ISPA provisions in which FedEx Ground requires something of Bay Rim that is completely unrelated to DOT regulations. For example, FedEx Ground requires Bay Rim to take a corporate business form (ISPA, §6.1, at FXG_5) and to hire employees rather than independent contractors (*Id.*, §6.2, at FXG_5). These types of requirements are not addressed in this brief.

**The *Moreau* Principle.**

In *Torres-Lopez v. May*, 111 F.3d 633, 642 (9th Cir. 1997), the Ninth Circuit explicitly held that a farm owner exercised indirect supervisory control over the farmworkers employed by a labor contractor when the farm owner exercised his contractual right to inspect the work of the farmworkers. Following *Torrez-Lopez,* the Ninth Circuit in *Moreau v. Air France*, 356 F.3d 942, 950-951 (9th Cir. 2003) found that an airline's specification of performance standards to its service company and its communication of complaints to service company supervisors might constitute indirect supervision of the service companies' employees. The Ninth Circuit found it "noteworthy," however, that this indirect supervision was for the purpose of ensuring compliance with safety and security regulations, thus rendering it "qualitatively different" from the supervision exercised by the farm owner in *Torres-Lopez. Id.* The *Moreau* court then equivocated whether the airline's actions

actually did constitute supervisory control over the service company's employees. *Id.*

In *Johnson v. Serenity Transportation, Inc.,* 2017 WL 1364112, at *8 ( N.D. Ca. April 14, 2017), the Northern District summarized the application of "the *Moreau* principle," distinguishing between (a) governmental regulations that require an entity to supervise generally and (b) governmental regulations that require an entity to supervise through a "particular method of action," with the former, but not the latter, evidencing supervisory control. With this background, let us turn to the pertinent provisions of the ISPA.

### ISPA Provisions.

ISPA §6.4(F) prohibits Bay Rim from assigning drivers to operate vehicles unless they meet the driver standards specified in Schedule I. ISPA at FXG_7, FXG_66-74.

**1. ISPA Schedule I, §1.1(A).**

ISPA Schedule I, §1.1(A) requires Bay Rim drivers to have at least six months of CMV driving experience. ISPA at FXG_66. However, the pertinent DOT regulation, 49 C.F.R. 391.11, does not require any such minimum driving experience. Thus, FedEx Ground imposes on drivers a requirement that is stricter than that imposed by the DOT, thereby evidencing indirect supervisory control.

**2. ISPA Schedule I, §1.1(B) and §3.**

ISPA Schedule I, §1.1(B) and §3 empowers FXG to investigate drivers, purportedly in compliance with 49 CFR 391.23. ISPA at FXG_66, FXG 71. This regulation authorizes an investigation of a driver's licensing and safety information for a period of *three* years. But ISPA §3 prohibits Bay Rim from assigning drivers who were convicted of various criminal offenses during the previous *ten* years. Thus, the general investigatory provisions of 49 CFR 391.23 do not authorize this ten-year, rather than a three-year, restriction on a driver's ability to work.

### 3. ISPA Schedule I, §1.3.

ISPA Schedule I, §1.3(A)-(Q), purports to implement the requirements of 49 CFR 383.51 relating to the disqualification of new drivers who have committed enumerated offenses. ISPA at FXG_67-68. As an example, the ISPA disqualifies new drivers who refused during the previous *five* years to take a required alcohol test. ISPA at FXG_67. But 49 CFR 383.51 disqualifies such drivers who refused only during the previous *one* year (first offense). *Cf. id.,* Sched. 8, §1.3 *with* 49 C.F.R. 383.51(b). Thus, the regulation does not require the draconian five-year restriction imposed by FedEx Ground.

### 4. ISPA Schedule I, §1.4.

ISPA Schedule I, §1.4(A)-(W), purports to implement the requirements of 49 CFR 383.51 relating to the disqualification of existing drivers who commit enumerated offenses. ISPA at FXG_69-70. For some provisions, this disqualification is permanent; for some, the disqualification is for a lesser period, usually three years. *Id.* For all offenses, the duration of the disqualification in the ISPA exceeds the requirements imposed by the regulation. For example, the ISPA disqualifies an existing driver who refuses to take a required alcohol test (first conviction) forever. ISPA at FXG_68. The regulation, however, disqualifies the driver for just one year. 49 CFR 383.51(b). Thus, FXG is exercising an indirect control over which drivers can be assigned to routes.

### 5. ISPA Schedule I, §1.7.

Moreover, ISPA Schedule I, §1.7 permits FedEx Ground to unilaterally disqualify any driver that it believes may have committed any of the offenses described above until the driver has been cleared by a court of law. ISPA at FXG_71. No DOT regulation sanctions this control.

### 6. ISPA Schedule I, §2.

This section cites 49 CFR 392.60 as authority for prohibiting the transport of unauthorized persons. ISPA at FXG_71. But there is no regulation at 49 CFR 392.60.

**7. ISPA Schedule I, §5.3.**

This section cites 49 CFR 390.15 as authority for requiring a report of any accident involving a pedestrian, regardless of whether the accident resulted in personal injury. ISPA at FXG_73. The regulation, however, requires an accident report in this circumstance only if the accident resulted in bodily injury requiring medical treatment away from the accident. 49 CFR 390.15(a), 390.5(1)(ii). Thus, FedEx Ground imposes a requirement more stringent than the DOT's regulation.

**8. ISPA Schedule I, §5.7.**

In ISPA Schedule I, §5.7, FedEx Ground requires Bay Rim to create a safety and compliance program to provide drivers with training not only in safety laws but also of the standards set forth in Schedule I, which as demonstrated above frequently exceeds DOT requirements. ISPA at FXG_73-74. Although this section vaguely alludes to the safety requirements of DOT regulations, it does not specify any such regulation. If there actually were a regulation requiring such safety and compliance programs, it would be the kind of regulation requiring a general supervision rather than requiring "a particular method of action."

### Conclusion.

Plaintiffs submit that the foregoing provisions are relevant and probative to demonstrate FedEx Ground's indirect supervision of Bay Rim employees.

Respectfully submitted,

Date: September 27, 2022              Aiman-Smith & Marcy

/s/ *Joseph Clapp*
_____
Joseph Clapp, Esq.
Attorneys for Plaintiffs