1  AIMAN-SMITH & MARCY
   Joseph Clapp (SBN 99194)
2  jc@asmlawyers.com
   7677 Oakport Street, Suite 1150
3  Oakland, CA 94621
   Tele: (510) 590-7115/Fax: (510) 562-6830
4
   [Additional Counsel listed on Following Page]
5  Attorneys for Plaintiffs MICHELLE HINDS & TYRONE POWELL

6  WHEELER TRIGG O'DONNELL LLP
   Jessica G. Scott, *appearing pro hac vice*
7  Email: scott@wtotrial.com
   Michael T. Williams, *appearing pro hac vice*
8  Email: williams@wtotrial.com
   370 Seventeenth Street, Suite 4500
9  Denver, CO 80202-5647
   Telephone: (303) 244-1800
10 Facsimile: (303) 244-1879

11 Attorneys for Defendant FEDEX GROUND PACKAGE SYSTEM, INC.

12                    IN THE UNITED STATES DISTRICT COURT
13                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                              OAKLAND DIVISION
15

16 | MICHELLE HINDS, an individual, and | Case No. 4:18-cv-01431-JSW (AGT)
17 | TYRONE POWELL, an individual, |
   |                                    |
18 |         Plaintiffs,                | **JOINT BRIEF REGARDING DISPUTED**
   |                                    |
19 |     vs.                            | **EXHIBITS**
   |                                    |
20 | FEDEX GROUND PACKAGE SYSTEM,       |
   | INC., a Delaware corporation; and BAY RIM |
   | SERVICES, INC., a California corporation, |
21 |                                    | Action Filed: March 5, 2018
   |         Defendants.                | FAC Filed: May 10, 2018
22 |                                    | Trial: October 24, 2022

23
24
25
26
27
28

Pursuant to the Court's Order Requiring Briefing on Disputed Exhibits, ECF No. 241, Plaintiffs and FedEx Ground submit this briefing regarding their disputed exhibits.

## I.    EXHIBIT 4 (OFFERED BY PLAINTIFFS; DISPUTED BY FEDEX GROUND)

Brief description of exhibit: a redacted list of employees of Bay Rim Services, Inc. showing their qualification status to pick up and deliver packages for FedEx Ground.

### A.    Plaintiffs' Position

This exhibit tells of one instance in which FedEx Ground declared someone as "not qualified" to work as a driver and ten instances in which FedEx Ground "disqualified" someone from working as a driver. These acts evidence FedEx Ground's control over Bay Rim's hiring and firing decisions. Thus, these acts tend to prove FedEx Ground's direct control over the very existence of these drivers' employment, which constitutes control over their wages, hours, and working conditions. Moreover, these acts tend to prove that FedEx Ground exercises such a high degree of control over Bay Rim that it indirectly controls the existence of the drivers' employment, and thus their wages, hours, and working conditions. In short, this exhibit tends to prove that FedEx Ground is an employer of the drivers. I.W.C. Wage Order 9(2)(E), (F), (G), 8 CCR 11090(2); *Martinez v. Combs* (2010) 49 Cal.4th 35, 69-70.

FedEx Ground will no doubt argue that the DOT prescribes minimum qualifications for drivers. But the qualifications that FedEx Ground demands of Bay Rim's drivers exceed these minimum DOT qualifications. As one example, the ISPA, in Schedule I, §1.1(A), requires Bay Rim drivers to have at least six months of CMV driving experience; this is not a requirement of the DOT. *Cf.* ISPA at FXG_66 *with* 49 C.F.R. 391.11. As another example (of many), the ISPA disqualifies new drivers who refused during the previous *five* years to take a required alcohol test. ISPA at FXG_67. But the DOT regulation, 49 C.F.R. 383.51, disqualifies such drivers who refused only during the previous *one* year (first offense). FedEx Ground demanded and obtained the power to disqualify drivers who were qualified under DOT standards.

Thus, the Plaintiffs submit that Exhibit 4 is relevant and probative to the issue of whether FedEx Ground was an employer of the drivers.[1]

**B.     FedEx Ground's Position**

Plaintiffs' proposed Exhibit 4 should be excluded under Rule 402, because it is not relevant to the issues to be decided by the jury, and Rule 403 because, even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

As shown in FedEx Ground's trial brief, Plaintiffs' PAGA claim should not be tried to the jury. (FedEx Ground's Trial Br. 6-7, ECF No. 235.) Thus, evidence regarding Bay Rim drivers other than Plaintiffs is irrelevant for the jury trial and creates a danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time on evidence relating to non-parties that has little to nothing to do with the issues the jury will decide.

Plaintiffs intend to use this document to support their argument that drivers with the notation "Disqualified by FedEx Ground" were disqualified by FedEx Ground for some reason other than the fact that Bay Rim terminated those employees. This assumption or inference is factually inaccurate and unfair. To rebut Plaintiffs' wrong and unfair assumption and inference, FedEx Ground would have to introduce additional testimony and documents to explain Exhibit 4 and put it into its proper context. Such additional testimony and documents otherwise would not need to be presented at this trial. Exhibit A to this brief includes several examples of the backup documents that FedEx Ground would need to introduce and explain to the jury. These documents show that the other drivers were "disqualified" for the sole reason that they were separated (i.e., terminated) from their Service Provider's (i.e., Bay Rim's) employment. And many of them were separated from Bay Rim in 2018 as Bay Rim wound down its package pickup and delivery business. In addition to using these documents, FedEx Ground would need to present a witness to testify and confirm the reasons for each other driver's "disqualification."

When a Service Provider decides to terminate a driver's employment (or a driver

---

[1] FedEx Ground seeks to introduce never-before-produced documents as its "Exhibit A." Plaintiffs object on the basis of surprise.

decides to quit his or her employment with a Service Provider), that driver is no longer "qualified" to provide driving services because drivers must be employed by, and under the control and supervision of, a Service Provider, to provide such services to FedEx Ground's customers. Notably, both Plaintiffs admitted in their deposition that it was Bay Rim, acting alone, that made the decision to terminate their employment. (*See* Ex. B (excerpts of Ms. Hinds's testimony); Ex. C (excerpts of Mr. Powell's testimony).) Their testimony is additional evidence that Plaintiffs' anticipated use of Exhibit 4 would be factually inaccurate and misleading, and that it would require additional testimony and exhibits to rebut their inaccurate and unfair use at trial.[2] Even then, Exhibit 4 creates a substantial danger of confusing and misleading the jury.

Finally, as shown in FedEx Ground's *Motion in Limine No. 4* (FedEx Ground's Mot. in Limine No. 4, ECF No. 222), the law does not allow Plaintiffs to show FedEx Ground's "control" for purposes of proving joint employment by relying on evidence that Bay Rim and FedEx Ground were complying with U.S. Department of Transportation safety regulations. Thus, to the extent any Bay Rim driver other than Plaintiffs was disqualified from delivering packages for FedEx Ground as a result of his or her violation of safety regulations, such evidence is irrelevant, and in any event its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

## II. EXHIBIT 9 (OFFERED BY PLAINTIFFS; DISPUTED BY FEDEX GROUND)

Brief description of exhibit: summary data files for Bay Rim drivers other than Plaintiffs.

### A. Plaintiffs' Position

The Plaintiffs' PAGA claim includes allegations that the defendants failed to provide

---

[2] Proposed Exhibit 4 was produced by FedEx Ground because it was part of Bay Rim's entity file. FedEx Ground did not locate or produce additional documents related to those drivers because discovery as to individual putative class members is not appropriate before a class is certified. After the Court denied class certification, the Parties appropriately focused on the individual Plaintiffs, and FedEx Ground did not expect that Plaintiffs would attempt to use a document about putative class members to show control, particularly when both Hinds and Powell testified that it was Bay Rim that terminated their employment, which is consistent with the meaning of the word "disqualification" in the document Plaintiffs now wish to use to argue something else.

mandated rest and meal periods to drivers. One condition triggering an employer's rest period obligation is that the employee worked at least 3.5 hours in a day. I.W.C. Wage Order 9(12)(A), 8 C.C.R. 11090(12)(A). One condition triggering an employer's meal period obligation is that the employee worked more than 5 hours in a work period. I.W.C. Wage Order 9(11)(A), 8 C.C.R. 11090(11)(A).

The Summary Data Excel Files tend to prove these two conditions. For example, let us look at the very first entry in the very first page, which shows information for Patrick Macagba Alegado. We can see that on March 6, 2017 ("On Duty Date"), his "On Duty Time" was 7:00 a.m. and his "Off-Duty Time" was 5:30 p.m. Thus, this file tends to prove that he worked 10.5 hours on March 6, 2017, thereby triggering both the rest period and the meal period obligations.

### B. FedEx Ground's Position

The Court should exclude Plaintiffs' Exhibit 9 under Rules 402 and 403. As shown in FedEx Ground's trial brief, Plaintiffs' PAGA claim should not be tried to a jury. (*See* FedEx Ground's Trial Br. 6-7, ECF No. 235.) Thus, evidence regarding Bay Rim drivers other than Plaintiffs is irrelevant for the jury trial and creates a danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time on evidence relating to non-parties that has little to nothing to do with the issues the jury will decide.

Further, as shown in FedEx Ground's opposition to Plaintiffs' motion for class certification (FedEx Ground's Opp'n to Pls. Mot. for Class Certification 9-10, ECF No. 134 (citing evidence)), FedEx Ground's scanner data are <u>not</u> time records for pay purposes, are over-inclusive of compensable time, and do not reflect drivers' meal or rest periods. Thus, Plaintiffs' proposed use of the scanner data for drivers other than Plaintiffs to try to show overtime hours or a supposed lack of meal and rest breaks would be factually inaccurate, unfairly prejudicial, and misleading.

Plaintiffs have not presented <u>any</u> information refuting FedEx Ground's evidence on these points. In fact, the Court recognized this in its order denying class certification: "The time records in evidence also show that, contrary to Plaintiffs' argument, FedEx scanner data would not establish on a class-wide basis whether a putative class member worked overtime or was

4
JOINT BRIEF REGARDING DISPUTED EXHIBITS
CASE NO. 4:18-CV-01431-JSW (AGT)

provided with a rest or a meal break." (Order Den. Mot. for Class Certification, 15, ECF No. 171; *see also* FedEx Ground's *Mot. in Limine No. 4* (FedEx Ground's Mot. in Limine No. 4, ECF No. 222).) Thus, the Court should exclude Exhibit 9 because it is irrelevant or, alternatively, because its minimal probative value (if any) is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

## III. EXHIBITS 44-49 AND 67 (OFFERED BY FEDEX GROUND; DISPUTED BY PLAINTIFFS)

Brief description of exhibits:

1. Ex. 44: FY22_FXG-Network-Map_final
2. Ex. 45: Independent Service Providers Fact Sheet (August 2021)
3. Ex. 46: Google Maps - Dublin CA
4. Ex. 47: FedEx Ground - Ground Service Maps - San Leandro - Postal Code 94577
5. Ex. 48: Photo of side of Oakland Station
6. Ex 49: Photo of front of Oakland Station

### A. Plaintiffs' Position

1. *Exhibits 44-49, and 67*

Twelve days ago, on September 16, 2022, FedEx Ground served its "Supplemental Rule 26(a)(1)(A)(i) and _(ii) and 26(a)(3) Disclosures." This is the first time that FedEx Ground ever identified these exhibits. Plaintiffs did not actually receive the exhibits until a few days later.

FedEx Ground served its initial Rule 26(a) disclosures well over four years ago, on July 24, 2018. These initial disclosures did not identify these exhibits, as required by Rule 26(a)(1)(A)(ii), so Plaintiffs were not notified that FedEx Ground "may use" the exhibits "to support its claims or defenses." As a result, the Plaintiffs did not seek the production of these exhibits, nor did they otherwise conduct discovery about these exhibits, during the long pendency of this litigation. Plaintiffs object that it would constitute unfair surprise to permit FedEx Ground to spring these documents on them at trial. *Scott & Fetzer v. Dile*, 643 F.2d 670, 673 (9th Cir. 1981) (surprise exhibits denied party the right to prepare effective cross-examination and to

present rebuttal evidence).

    **B.    FedEx Ground's Position**

In their response to FedEx Ground's *Motion in Limine* No. 3 (Pls. Opp'n to FedEx Ground's Mot. in Limine No. 3, ECF No. 226), Plaintiffs made clear that part of their trial strategy is to mount an attack against FedEx Ground's entire Independent Service Provider business model. (Opp'n 2-3.) Because Plaintiffs are pursuing only individual claims on their own behalf, the trial should not be about the validity of FedEx Ground's Service Provider business model generally; instead, Plaintiffs should focus their claims on Plaintiffs' individual experiences as Bay Rim drivers. The tests for joint employment under California law do not analyze business models as a whole, but only how a particular plaintiff experienced his or her employment. *See, e.g.*, *Henderson v. Equilon Enterprises, LLC*, 40 Cal. App. 5th 1111, 1117 (2019) (discussing joint employment tests and applying to individual employee to find no joint employment).

In any event, FedEx Ground is entitled to defend itself. Plaintiffs should not be permitted to argue their newly-articulated and (inaccurate) theories about what they call a "race to the bottom" and bankrupt Service Providers while at the same time preventing FedEx Ground from defending itself with evidence relevant to rebutting Plaintiffs' theories. Each of the exhibits objected to by Plaintiffs is relevant to explaining FedEx Ground's business model and to rebutting Plaintiffs' attack on that business model. As such, all of these disputed exhibits are admissible.

Below, FedEx Ground addresses additional issues specific to each exhibit.

        1.    *Exhibit 44*

Plaintiffs' objections to Exhibit 44, which is FedEx Ground's network map, should be overruled for several reasons. First, the map of FedEx Ground's nationwide network, which includes Bay Rim's former Contracted Service Areas and the Oakland Station, is relevant. Second, the map helps to show that Bay Rim's business was engaged in interstate commerce. Third, the map will help FedEx Ground to explain to the jury how and where Bay Rim's services supported FedEx Ground's business. Fourth, the map will help rebut Plaintiffs' attack

1    on the Service Provider model because the map shows how the network of Service Providers

2    works with FedEx Ground to provide flexible, efficient, nationwide service coverage.

3         Exhibit 44 also poses no risk of unfair surprise. As an initial matter, Plaintiffs never

4    requested the network map or substantially similar documents in discovery.

5         Even if Plaintiffs had requested the network map in discovery (they did not), the map

6    was publicly available on FedEx Ground's website and was equally and readily available to

7    Plaintiffs' counsel at all times. *See Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*,

8    No. 2:09-CV-1182 JCM PAL, 2012 WL 1970017, at *4 (D. Nev. June 1, 2012), *aff'd*, 595

9    F. App'x 670 (9th Cir. 2014) ("because the documents were readily and equally available to all

10    parties, there was no duty to disclose them during discovery"); *see also Fahmy v. Jay Z*, No.

11    207CV05715CASPJWX, 2015 WL 5680299, at *9 (C.D. Cal. Sept. 24, 2015) (denying motion

12    to exclude exhibits that were publicly available); *Clear-View Techs., Inc. v. Rasnick*, No. 13-

13    CV-02744-BLF, 2015 WL 3453529, at *4 (N.D. Cal. May 29, 2015) (denying motion to

14    exclude videos that were publicly available on YouTube); *QS Wholesale, Inc. v. World Mktg.,*

15    *Inc.*, No. SACV120451DOCRNBX, 2013 WL 12114508, at *3 (C.D. Cal. July 9, 2013)

16    (publicly available documents are "beyond the scope" of Rule 26(a)(1)(A)(ii) disclosure

17    requirements).

18         Finally, FedEx Ground disclosed the map more than 30 days before trial and promptly

19    after trial counsel determined that they might use it at trial, all consistent with Fed. R. Civ. P.

20    26(a)(3)(A)(iii) and (a)(3)(B). *Elosu v. Middlefork Ranch Inc.*, No. 1:19-CV-00267-DCN, 2022

21    WL 2528273, at *8 (D. Idaho July 7, 2022) (documents produced before 30 day deadline were

22    timely); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, No. 13-CV-05038 NC,

23    2015 WL 13037241, at *1 (N.D. Cal. Dec. 21, 2015) (expert reports supplemented more than

24    30 days before trial in compliance with Rule 26(a)(3) were timely).

25         Plaintiffs' reliance on *Scott & Fetzer Co. v. Dile*, 643 F.2d 670 (9th Cir. 1981), is

26    misplaced. That case addressed the addition of 20 witnesses and 26 exhibits "when notice of

27    their identity and intention to use them was first given <u>after trial began</u>." *Id.* at 673 (emphasis

28    added). Plaintiffs had notice of Exhibit 44, a publicly available map, more than 30 days before

7
JOINT BRIEF REGARDING DISPUTED EXHIBITS
CASE NO. 4:18-CV-01431-JSW (AGT)

trial. Under these circumstances, there is no legitimate reason to exclude Exhibit 44.

2. *Exhibit 45*

Exhibit 45 is a single-page document that summarizes basic facts about FedEx Ground's Independent Service Provider network and shows the growth and success of that business model over time. Thus, Exhibit 45 is relevant to explaining to the jury FedEx Ground's Service Provider model and to rebutting Plaintiffs' attack on that model.

Further, Exhibit 45 is simply an updated version of Exhibits 12, 16, 27, and 30, which were timely produced in discovery and which are not objected to by Plaintiffs. *See* Exs. 12 (FXG_007212), 16 (FXG_007222); 27 (FXG_007215); & 30 (FXG_007217).

Still further, there is no unfair surprise. Plaintiffs have not objected to Exhibits 12, 16, 27, or 30. Exhibit 45 differs only in that it contains information updated through August 2021. And FedEx Ground disclosed it more than 30 days before trial, consistent with Rule 26(a)(3)(A)(iii) and (a)(3)(B). *Elosu*, 2022 WL 2528273, at *8; *Enplas Display Device Corp*, 2015 WL 13037241, at *1.

Plaintiffs' reliance on *Scott*, 643 F.2d 670, is again misplaced and not at all analogous. Plaintiffs had notice of Exhibit 45 more than 30 days before trial. Under these circumstances, there is no legitimate reason to exclude Exhibit 45.

3. *Exhibit 46*

Exhibit 46 is a Google map showing two of the Contracted Service Areas formerly serviced by Bay Rim. Exhibit 46 is relevant and admissible. It will help jurors to visualize the Contracted Service Areas and the different types of customer locations a Service Provider, like Bay Rim, has to service within a single Contracted Service Area. The map was created using the publicly available Google Maps website. The Court can even take judicial notice of a Google map created for a purpose to aid the jury like Exhibit 46. *See United States v. Parea-Rey*, 680 F.3d 1179, 1183 n. 1 (9th Cir. 2012) (taking judicial notice of a Google map).

Finally, if the Court allows FedEx Ground to use Exhibit 46 at trial, there would be no unfair surprise. The information was not requested by Plaintiffs in discovery. Even if Plaintiffs had requested it, the map was available to anyone with access to the Internet, which means it is

8
JOINT BRIEF REGARDING DISPUTED EXHIBITS
CASE NO. 4:18-CV-01431-JSW (AGT)

not covered by Rule 26's disclosure requirements. *See Assurance Co. of Am.*, 2012 WL 1970017, at *4; *QS Wholesale, Inc.*, 2013 WL 12114508, at *3; *Clear-View Techs., Inc.*, 2015 WL 3453529, at *3; *Fahmy*, 2015 WL 5680299, at *9. In addition, FedEx Ground disclosed this map more than 30 days before trial, consistent with Rule 26(a)(3)(A)(iii) and (a)(3)(B). *Elosu*, 2022 WL 2528273, at *8; *Enplas Display Device Corp*, 2015 WL 13037241, at *1.

Plaintiffs' reliance on *Scott*, 643 F.2d 670, is again misplaced and not at all analogous. Plaintiffs had notice of Exhibit 46 more than 30 days before trial. Under these circumstances, there is no legitimate reason to exclude Exhibit 46.

4. *Exhibit 47*

Exhibit 47 is a map showing FedEx Ground's nationwide network, which includes Bay Rim's operations area, and confirms that Bay Rim's business was engaged in interstate commerce. The map also shows how the network of Service Providers work with FedEx Ground to deliver nationwide service coverage. FedEx Ground will use Exhibit 47 to help rebut Plaintiffs' attack on the Service Provider business model. Thus, Exhibit 47 is relevant and probative evidence.

There is no unfair surprise. The map is publicly available on FedEx Ground's website and was equally available to Plaintiffs at all times. *Assurance Co. of Am.*, 2012 WL 1970017, at *4; *QS Wholesale, Inc.*, 2013 WL 12114508, at *3; *Clear-View Techs., Inc.*, 2015 WL 3453529, at *3; *Fahmy*, 2015 WL 5680299, at *9. Also, FedEx Ground disclosed Exhibit 47 more than 30 days before trial, consistent with Rule 26(a)(3)(A)(iii) and (a)(3)(B). *Elosu*, 2022 WL 2528273, at *8; *Enplas Display Device Corp*, 2015 WL 13037241, at *1.

Plaintiffs' reliance on *Scott*, 643 F.2d 670, is again misplaced and not at all analogous. Plaintiffs had notice of Exhibit 47 more than 30 days before trial. Under these circumstances, there is no legitimate reason to exclude Exhibit 47.

5. *Exhibit 48*

Exhibit 48 is a photograph showing the exterior of FedEx Ground's Oakland Station, which is the station Bay Rim and Plaintiffs operated out of. The photo will help jurors visualize how Service Providers and their drivers provide services to FedEx Ground.

There is no unfair surprise. Plaintiffs are personally familiar with the location depicted in the photograph. The photograph is publicly available on commercial realtor websites and was equally available to Plaintiffs at all times. *Assurance Co. of Am.*, 2012 WL 1970017, at *4; *QS Wholesale, Inc.*, 2013 WL 12114508, at *3; *Clear-View Techs., Inc.*, 2015 WL 3453529, at *3; *Fahmy*, 2015 WL 5680299, at *9. Also, FedEx Ground disclosed the photo more than 30 days before trial, consistent with Rule 26(a)(3)(A)(iii) and (a)(3)(B). *Elosu*, 2022 WL 2528273, at *8; *Enplas Display Device Corp*, 2015 WL 13037241, at *1.

Plaintiffs' reliance on *Scott*, 643 F.2d 670, is again misplaced and not at all analogous. Plaintiffs had notice of Exhibit 48 more than 30 days before trial. Under these circumstances, there is no legitimate reason to exclude Exhibit 48.

6. *Exhibit 49*

Exhibit 49 is relevant and admissible, too. The photograph shows the exterior of FedEx Ground's Oakland Station, which is the station that Bay Rim and Plaintiffs operated out of. The photo will help jurors visualize how Bay Rim and its drivers provide services to FedEx Ground.

There is no unfair surprise. Plaintiffs are personally familiar with location depicted in the photograph, because they serviced the Oakland Station. The photograph also is publicly available on commercial realtor websites and was equally available to Plaintiffs at all times. *Assurance Co. of Am.*, 2012 WL 1970017, at *4; *QS Wholesale, Inc.*, 2013 WL 12114508, at *3; *Clear-View Techs., Inc.*, 2015 WL 3453529, at *3; *Fahmy*, 2015 WL 5680299, at *9. Further, FedEx Ground disclosed it more than 30 days before trial, consistent with Rule 26(a)(3)(A)(iii) and (a)(3)(B). *Elosu*, 2022 WL 2528273, at *8; *Enplas Display Device Corp*, 2015 WL 13037241, at *1.

Plaintiffs' reliance on *Scott*, 643 F.2d 670, is again misplaced and not at all analogous. Plaintiffs had notice of Exhibit 49 more than 30 days before trial. Under these circumstances, there is no legitimate reason to exclude Exhibit 49.

IV. **EXHIBIT 67 (OFFERED BY FEDEX GROUND; DISPUTED BY PLAINTIFFS)**

Brief description of exhibit: News article on Satgur Singh Athwal – Entrepreneur of the Year Award

### A. Plaintiffs' Position

Twelve days ago, on September 16, 2022, FedEx Ground served its "Supplemental Rule 26(a)(1)(A)(i) and _(ii) and 26(a)(3) Disclosures." This is the first time that FedEx Ground ever identified this exhibit. Plaintiffs did not actually receive the exhibit until a few days later.

FedEx Ground served its initial Rule 26(a) disclosures well over four years ago, on July 24, 2018. These initial disclosures did not identify this exhibit, as required by Rule 26(a)(1)(A)(ii), so Plaintiffs were not notified that FedEx Ground "may use" the exhibit "to support its claims or defenses." As a result, the Plaintiffs did not seek the production of this exhibit, nor did they otherwise conduct discovery about this exhibit, during the long pendency of this litigation. Plaintiffs object that it would constitute unfair surprise to permit FedEx Ground to spring this document on them at trial. *Scott & Fetzer v. Dile*, 643 F.2d 670, 673 (9th Cir. 1981) (surprise exhibits denied party the right to prepare effective cross-examination and to present rebuttal evidence).

### B. FedEx Ground's Position

Exhibit 67 is a news article about an Entrepreneur of the Year award FedEx Ground gave to Satgur Singh Athwal, the owner of another Service Provider. Mr. Athwal was and still is a Service Provider for FedEx Ground in Riverside, California. FedEx Ground will use the exhibit to help defend the Service Provider business model against Plaintiffs' arguments. Specifically, in their response to FedEx Ground's *Motion in Limine No. 3* regarding Bay Rim's bankruptcy (Pls. Opp'n to FedEx Ground's Mot. in Limine No. 3, ECF No. 226), Plaintiffs argue that FedEx Ground does not pay enough to Service Providers for them to be successful or pay overtime to their employees and otherwise comply with California wage and hour laws. Mr. Athwal will offer testimony to rebut Plaintiffs' evidence and arguments, showing that Service Providers can and do manage successful, compliant businesses.

There is no unfair surprise. Plaintiffs never requested this document or information in discovery. Even if Plaintiffs had requested Exhibit 67, the fact that FedEx Ground gave Mr. Athwal an Entrepreneur of the Year award in 2011 and the news articles discussing that award were publicly available on several websites and equally available to Plaintiffs at all

| | |
|---|---|
| 1 | times. *Assurance Co. of Am.*, 2012 WL 1970017, at *4; *QS Wholesale, Inc.*, 2013 WL |
| 2 | 12114508, at *3; *Clear-View Techs., Inc.*, 2015 WL 3453529, at *3; *Fahmy*, 2015 WL |
| 3 | 5680299, at *9. Also, FedEx Ground disclosed Exhibit 67 more than 30 days before trial, |
| 4 | consistent with Rule 26(a)(3)(A)(iii) and (a)(3)(B). *Elosu*, 2022 WL 2528273, at *8; *Enplas* |
| 5 | *Display Device Corp*, 2015 WL 13037241, at *1. |
| 6 | Plaintiffs' reliance on *Scott*, 643 F.2d 670 (9th Cir. 1981), is again misplaced. That case |
| 7 | addressed the addition of 20 witnesses and 26 exhibits "when notice of their identity and |
| 8 | intention to use them was first given <u>after trial began</u>." *Id.* at 673 (emphasis added). Plaintiffs |
| 9 | had notice of Exhibit 67, a publicly available news article, more than 30 days before trial. |
| 10 | Under these circumstances, there is no legitimate reason to exclude Exhibit 67. |

Respectfully submitted,

DATE: September 28, 2022        AIMAN-SMITH & MARCY

                                By: */s/ Joseph Clapp*
                                Joseph Clapp
                                Attorney for Plaintiffs
                                MICHELLE HINDS & TYRONE POWELL

DATE: September 28, 2022        WHEELER TRIGG O'DONNELL LLP

                                By: */s/ Jessica G. Scott*
                                Jessica G. Scott
                                Attorney for Defendant
                                FEDEX GROUND PACKAGE SYSTEM, INC.

## ECF ATTESTATION

Pursuant to Civil L. R. 5-1(i) the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories thereto.

Date: September 28, 2022        */s/ Jessica G. Scott*