UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01431-JSW<br><br>**ORDER REQUIRING OFFER OF PROOF AND SUPPLEMENTAL BRIEF RE PAGA CLAIM** |

    The issue of whether the Plaintiffs' PAGA claim on behalf of other Bay Rim employees should be tried to the jury or to the Court remains under consideration. The Court has continued to review the parties' briefs and other pretrial filings that address this dispute, including their memoranda of law in support of their proposed instructions. Plaintiffs include their overtime claim within the scope of the PAGA claim. However, the Court granted FedEx's motion to strike that claim. (Dkt. No. 184, Order on Motion to Strike at 5 n.5.) Plaintiffs did not move for reconsideration when the Court issued its subsequent Order granting the motion to strike and limiting the PAGA claim to individuals employed by Bay Rim. Accordingly, the overtime claim shall not be part of the PAGA claim, whether that claim is tried to the Court or to the jury. The Court does not, however, view Plaintiffs to have abandoned the PAGA rest break claim. Therefore, that claim remains part of the case.

    Based on Plaintiffs' theory of the case, and the manner in which the parties have presented the issue, the Court anticipated that the jury's finding on the joint employment issue would resolve that issue for *all* Bay Rim employees, albeit not for other ISPs who are not parties to this case. However, it is evident from the parties' memoranda on jury instructions, the proposed instructions, and FedEx's proposed special verdict, FedEx contends the issue must be resolved for each Bay

Rim employee.

Accordingly, in the event the Court determines the PAGA claim should be tried to the Court, whether in whole or in part, the Court ORDERS:

1. The parties shall submit simultaneous detailed offers of proof of the evidence to be presented on their claims and defenses to the PAGA claim, with a focus on the joint employment issue. The offers of proof shall refer to the exhibits, the name of any witnesses that party intends to present, and a more detailed summary of each witnesses' expected testimony than is set forth in their witness lists.

2. The parties shall submit simultaneous briefs that address why, if the PAGA claim is to be tried to the Court, the Court should or should not be bound by jury's findings on whether FedEx is a joint employer and should include any authority supporting the proposition that this issue must be revisited for each Bay Rim employee. The parties shall also address their views on whether the Court can or should pose special interrogatories to the jury on the joint employment issue.

The parties' offers of proof and supplemental briefs shall be due by no later than 4:00 p.m. on Wednesday, October 12, 2022. **There shall be no reply unless ordered by the Court.**

**IT IS SO ORDERED**.

Dated: October 6, 2022

_____
JEFFREY S. WHITE
United States District Judge