Joseph Clapp, Esq., SBN 99194
AIMAN-SMITH & MARCY
7677 Oakport Street, Suite 1150
Oakland, CA 94621
Telephone: (510) 590-7115/Facsimile: (510) 562-6830
Email: jc@asmlawyers.com

Ronald A. Marron, Esq.
Michael T. Houchin, Esq.
Lilach Halperin, Esq,
Kas L. Gallucci, Esq.
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive, San Diego, CA 92103
Telephone: (619) 696-9006/Facsimile: (619) 564-6665
Email: ron@consumersadvocates.com
Email: michael@consumersadvocates.com
Email: lilach@consumersadvocates.com
Email: kas@consumersadvocates,com

Timothy D. Cohelan, Esq., SBN 60827
Isam C. Khoury, Esq., SBN 58759
J. Jason Hill, Esq., SBN 179630
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000
Email: tcohelan@ckslaw.com
Email: ikhoury@ckslaw.com
Email: jhill@ckslaw.com

Counsel for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., corporation; BAY RIM SERVICES, INC., a corporation; and Does 1 through 25, inclusive,<br><br>Defendants. | Case No.: 4:18-cv-01431-JSW (AGT)<br><br>**Plaintiffs' Brief re Effect of Jury Verdict on Joint Employer Issue**<br><br>Judge: Honorable Jeffrey S. White<br>Department: 5 |

Plaintiffs submit this brief in compliance with the Court's order dated October 6, 2022, asking the parties to brief the issue of "why, if the PAGA claim is to be tried to the Court, the Court should or should not be bound by the jury's findings on whether FedEx is a joint employer." (Dkt. 251.)

**Procedural Posture.**

The Court asks the parties to assume that, contrary to Plaintiffs' contention, the PAGA claims should be tried by the Court. The Court appears to assume that the individual claims would be tried to a jury first, resulting in a jury finding that FedEx Ground was, or was not, the employer of Bay Rim's employees. The Court asks for briefing about whether this jury finding would be binding on the Court's subsequent PAGA decision.

The answer flows from the application of standard principles of issue preclusion. While technically "issue preclusion" might not be involved because issue preclusion involves the same issue adjudicated in two separate actions, rather than the same issue adjudicated twice in the one action, nevertheless there is a virtually identical preclusion rule resting upon the same principles that applies to two adjudications within a single action. *Gavriiloglou v. Prime Healthcare Management, Inc.* (2022) ___ Cal.App.5th ___, ___, 2022 Cal.App. LEXIS 805 at 7n.3. For convenience, we will refer to this as "issue preclusion."

The answer that flows from the application of standard principles of issue preclusion is this: It depends on who wins.

**A Jury Finding that FedEx Ground Was *Not* the Employer Is *Not* Binding.**

Suppose the jury in the individual adjudication finds that FedEx Ground was *not* an employer of Bay Rim's drivers. According to standard principles of issue preclusion, in the subsequent PAGA adjudication the jury's finding can only be asserted against a party or one in privity. *Id.*, ___, Cal.App.5th ___, ___, 2022 Cal.App. LEXIS 805 at *7. The State, however, the real party in interest in the PAGA adjudication, is not a party to the action by Hinds and Powell for individual damages for

**Plf Brf re Effect of Jury Verdict on Joint Employer Issue**
*Hinds, et al v. FedEx Ground Packaging System, et al.*
Page 1
Case No. 18-cv-01431-JSW

labor law violations they suffered. *Id.*, ___, Cal.App.5th ___, ___, 2022 Cal.App. LEXIS 805 at *9; *see also Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 491 (State was not a party to employee's individual lawsuit). Nor is the State in privity with Hinds and Powell in this individual action. *Gavriiloglou v. Prime Healthcare Management, Inc.* (2022) ___ Cal.App.5th ___, ___, 2022 Cal.App. LEXIS 805 at 7n.3; *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 491 (State had no interest in employee's individual lawsuit). Thus, in the subsequent PAGA adjudication, the State, the real party in interest in the PAGA suit, is not bound by determinations made in the prior adjudication of the individual claims.

Are Hinds and Powell bound? For purposes of issue preclusion, a party who appears in one capacity, whether individual or representative, is not thereby bound by issue preclusion in a subsequent action in which he appears in another capacity. *Gavriiloglou v. Prime Healthcare Management, Inc.* (2022) ___ Cal.App.5th ___, ___, 2022 Cal.App. LEXIS 805 at *7. In their individual adjudications, Hinds and Powell are the real parties in interest, and they are litigating their own individual rights to damages. In the PAGA adjudication, the State is the real party in interest; Hinds and Powell are merely representatives litigating the State's right to civil penalties. *Howitson v. Evans Hotels*, 81 Cal.App.5th 475, 491-492. Thus, in the PAGA adjudication Hinds and Powell are not bound by the outcome of the individual adjudication.

This rule that a judgment against a party in one capacity cannot affect the party when acting in a different capacity has one exception: When a party appearing in two suits in different capacities is litigating the same right. *Gavriiloglou v. Prime Healthcare Management, Inc.* (2022) ___ Cal.App.5th ___, ___, 2022 Cal.App. LEXIS 805 at *8. But the primary rights asserted in the individual suit and primary rights asserted in the PAGA suit differ. In the individual suits, the primary rights are based on harms that were suffered by the individuals, and they seek damages to compensate for those harms. *Howitson v. Evans Hotels*, 81 Cal.App.5th 475, 487. In the PAGA suit,

**Plf Brf re Effect of Jury Verdict on Joint Employer Issue**
*Hinds, et al v. FedEx Ground Packaging System, et al.*
Page 2                                                    Case No. 18-cv-01431-JSW

the primary rights are based on harms that were suffered by the State and the general public, and the State seeks civil penalties to punish and deter misconduct. *Id.* at 487-488 ("That both the First and Second Lawsuits involved the same or almost the same alleged Labor Code violations does not change our conclusion that the 'primary rights' in the two lawsuits are not the same."). Thus, in the subsequent PAGA adjudication this "litigating the same right" exception does not bind Hinds and Powell to the outcome of their individual suits.

In sum, a jury finding in the individual adjudication that FedEx Ground is not the employer of Bay Rim's employees should have no affect on the Court's subsequent determination of the issue in the PAGA adjudication. The real party in the PAGA suit, the State, cannot be bound by a prior adjudication in which it held no interest, and the individual plaintiffs were suing in different capacities in the two adjudications.

### A Jury Finding that FedEx Ground *Was* the Employer *Is* Binding.

Suppose the jury in the individual adjudication finds that FedEx Ground *was* an employer of Bay Rim's drivers. Would this finding bind FedEx Ground because of issue preclusion?

Issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 323 (emphasis omitted).[1] Since, as discussed above, the actual principle we are discussing is not issue preclusion but the very close relative appliable to separate adjudications of an issue within the same lawsuit, the "final adjudication" would be the jury's determination, in Hinds' and Powell's individual adjudications, that FedEx Ground was an employer of Bay Rim's drivers. This issue would be identical in both the individual and the PAGA adjudications because FedEx Ground's

---

[1] The Court should apply the California law of issue preclusion. *NCTH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180-1181 (9th Cir. 2019).

**Plf Brf re Effect of Jury Verdict on Joint Employer Issue**
*Hinds, et al v. FedEx Ground Packaging System, et al.*                    Case No. 18-cv-01431-JSW
Page 3

relationship to Bay Rim's does not differ by driver. This issue would have been actually litigated and decided in the individual adjudications. And since FedEx Ground was a party in the individual adjudication, the jury's finding could be asserted against it in the subsequent PAGA adjudication.

This is an application of "offensive" issue preclusion, which does not require that the party asserting issue preclusion be a party (or privy) to the prior adjudication. By way of contrast, in claim preclusion, the preclusion applies only if *both* parties (or their privies) were involved in the original litigation. *Grande v. Eisenhower Medical Center*, 13 Cal.5th 313, 323 (mutuality required in claim preclusion). But with issue preclusion, an outside party (*e.g.,* the State) may assert this preclusion against parties (and privies) involved in the original litigation. *Id.* (mutuality not required in issue preclusion).

## Conclusion.

If the jury finds that FedEx Ground is not the employer, issue preclusion does not apply; if the jury finds that FedEx Ground is the employer, issue preclusion does apply.[2]

Respectfully submitted,

Dated: October 11, 2022          **aiman-smith & marcy**

Joseph Clapp, Esq.
Attorneys for Plaintiffs

---

[2] The Court also asks whether the Court can or should pose special interrogatories to the jury on the joint employment issue. It is the Plaintiffs' view that that the special verdict form that they submitted adequately elicits the necessary jury findings.

Plf Brf re Effect of Jury Verdict on Joint Employer Issue
*Hinds, et al v. FedEx Ground Packaging System, et al.*          Case No. 18-cv-01431-JSW
Page 4