Jessica G. Scott, *appearing pro hac vice*
Email: scott@wtotrial.com
Michael T. Williams, *appearing pro hac vice*
Email: williams@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHELLE HINDS, an individual, and TYRONE POWELL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and BAY RIM SERVICES, INC., a California corporation,<br><br>Defendants. | Case No. 4:18-cv-01431-JSW (AGT)<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC.'S OFFER OF PROOF AND SUPPLEMENTAL BRIEF RE PAGA CLAIM**<br><br>Action Filed: March 5, 2018<br>FAC Filed: May 10, 2018<br>Trial: October 24, 2022 |

FedEx Ground submits this brief in response to the Court's Order Requiring Offer of Proof and Supplemental Brief re PAGA Claim (ECF No. 251). In that order, the Court stated, "it is evident from the parties' memoranda on jury instructions, the proposed instructions, and FedEx's proposed special verdict, <u>FedEx contends</u> the issue must be resolved for each Bay Rim employee." (*Id.* at 1-2 (emphasis added).)

At the outset, it is critical to point out that not only do FedEx Ground's filings show this contention, <u>but so do Plaintiffs'</u>. (*See, e.g.*, Joint Proposed Jury Instructions (Stipulated and Disputed) ECF No. 228 at 39[1] (Disputed Instr. No. 16 Priv. Attorneys Gen. Act – Rest Periods Offered by Pls.), 43 (Disputed Instr. No. 17 Priv. Attorneys Gen. Act – Meal Periods Offered by Pls.), 49 (Disputed Instr. No. 19 Priv. Attorneys Gen. Act – Wage Statement Offered by Pls.), 53 (Disputed Instr. No. 20 re Priv. Attorneys Gen. Act – Waiting Time Penalties for Non-Payment of Wages Offered by Pls.).)

<u>Plaintiffs' own filings, discussed in more detail in Section III below, acknowledge that the question of "joint employment," along with other liability elements, is an individual-by-individual question that they must prove for *each* Plaintiff and driver.</u> Indeed, this is not surprising because it must be true: (1) this Court denied class certification in full, leaving no Rule 23 basis on which to apply a finding as to Plaintiffs to other drivers, and (2) PAGA requires proof of each and every claimed violation as to each and every individual. *See, e.g., Cardenas v. McLane Foodservice, Inc.*, No. SACV 10-473 DOC FFMX, 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011) ("[A] plaintiff cannot recover on behalf of individuals whom the plaintiff has not proven suffered a violation of the Labor Code by the defendant."); *Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496, at *4 (N.D. Cal. Mar. 2, 2009) (plaintiffs must "prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA").

---

[1] All page numbers cited in this brief reference the page numbers in the document itself, not the ECF-stamped numbers.

## I. FEDEX GROUND'S OFFERS OF PROOF FOR REPRESENTATIVE PAGA CLAIMS

It is Plaintiffs' burden to prove joint employment and other elements of their claims as to each Plaintiff and Bay Rim driver, a point they do not dispute as shown by their proposed and stipulated instruction. Accordingly, FedEx Ground's offers of proof are limited to responding to Plaintiffs' evidence. To the extent Plaintiffs are permitted to offer new undisclosed evidence at trial (e.g., testimony from Bay Rim drivers other than Plaintiffs), FedEx Ground reserves the right to offer additional evidence in response at trial.

And, as discussed in detail in Section III, this question is an individualized question because each driver will have their own experiences, which can differ regardless of driving for the same Service Provider during the same or other time frame as Plaintiffs. For example, even as between the two Plaintiffs, both of whom worked at Bay Rim during the same time period, there is a difference in their experience interacting with FedEx Ground personnel, an inquiry that is pertinent to the joint-employment analysis.

***Hinds testified that she had <u>some</u> interaction with FedEx Ground***: "[F]rom time to time, I would talk to a manager at the dispatch office about -- you know, we would communicate to them about packages missing. . . ." (Hinds Dep. 191:21-23.)

***Powell, on the other hand, testified that he had no interaction with FedEx Ground***:

Q: Were you ever contacted by anyone other than James[2] with regard to the day-to-day work tasks that you were performing while you were out on your route?

. . .

A: No, not that I can remember.

(Powell Dep. 147:3-8; *see also id.* 49:6-9 ("Q: To your recollection, did those managers or supervisors ever give you any directions or instructions? A: No.").)

FedEx Ground submits the following offers of proof in support of its defense of Plaintiffs' representative PAGA claim.

---

[2] James Limon was Bay Rim's Business Contact and managed Bay Rim's drivers.

**A.** **Witnesses**

　　1. **Tim Means**

Mr. Means is FedEx Ground's Senior Manager of Business Development Solutions for the Western Regions.

　　　　a) **Joint Employment**

As to joint employment, Mr. Means is expected to testify that per the terms of the Independent Service Provider Agreement, Bay Rim was required to comply with, among other things, California Labor Code wage and hour requirements, including requirements for pay rates, hours, breaks, recordkeeping, and timing and content of wage statements, among others; and that FedEx Ground did not have any right to control any Bay Rim employees' working conditions, including, for example, each Bay Rim employee's route, vehicle, hours, pay, meal or rest breaks, and whether each Bay Rim employee wore uniforms. Mr. Means is also expected to testify that FedEx Ground did not determine whether Bay Rim hired or fired any employees; that Bay Rim was free to hire or retain disqualified workers to perform services, other than driving, for Bay Rim; and that neither Plaintiff was "disqualified" by FedEx Ground, at least as Plaintiffs' counsel intends to use that phrase, because the only reason they were deemed no longer qualified to drive was because they were no longer working for a Service Provider (i.e., Bay Rim notified FedEx Ground it had terminated their employment).

　　　　b) **Good Faith Defense/Willfulness Requirement**

As to its good faith defense and the willfulness requirement for certain Labor Code claims, Mr. Means is expected to testify that the purpose of the scanner is to track hours of service to ensure compliance with DOT requirements, track packages and provide information for customers; and that there is no information, including scanner data, provided to FedEx Ground by Service Providers, including Bay Rim, that would show compensable hours worked by a driver, including whether a particular driver took or clocked out for meal or rest breaks.

　　2. **Randall Moser**

Mr. Moser was the Station Senior Manager at FedEx Ground's Oakland Station when Bay Rim operated out of that station. Mr. Moser will testify to, among other things, the day-to-

day operations at FedEx Ground at the Oakland Station, and the roles and responsibilities of FedEx Ground's own employees and their interactions (if any) with Service Providers, like Bay Rim, and their employees.

### a) Joint Employment

As to joint employment, Mr. Moser is expected to testify that FedEx Ground employees at the Oakland Station did not monitor, manage, supervise, or direct drivers; determine, design, or advise Service Providers, including Bay Rim, on the design of routes; allocate packages to routes; or assign vehicles to drivers. Mr. Moser is also expected to testify that disqualification of a driver does not prevent or prohibit the Service Provider, including Bay Rim, from hiring, or require the termination of, that driver, and that the Service Provider can hire or retain a disqualified driver to perform other duties for the Service Provider.

### b) Good Faith Defense/Willfulness Requirement

As to FedEx Ground's good faith defense and the willfulness requirement, Mr. Moser is expected to testify that FedEx Ground does not know how Service Providers, including Bay Rim, design their routes, assign vehicles and drivers, or allocate packages, and cannot use the scanner to monitor drivers, determine compensable hours worked or breaks taken by drivers, whether a particular driver is in a light vehicle, or how a driver is being paid when driving a light vehicle. Nor does FedEx Ground, using scanners or otherwise, have the ability to estimate the time it will take for a driver to complete assigned routes because the routes are designed, and the number of packages a driver is assigned to deliver is determined by, the Service Provider.

## 3. Paul Spaulding

Mr. Spaulding is FedEx Ground's Manager, Business Development Solutions Learning.

### a) Joint Employment

With respect to joint employment issues, Mr. Spaulding is expected to testify that under its business model, FedEx Ground required and expected Service Providers, including Bay Rim, to treat their workers as employees and comply with all labor laws; and that FedEx Ground was not involved in decisions made by Service Providers such as Bay Rim in terms of

routes, how many and what size trucks to have, how many drivers and other employees it needed, how much and how often to pay its employees, how to train them, and how best to comply with the applicable employment laws.

### b) Good Faith Defense/Willfulness Requirement

Mr. Spaulding's expected testimony described above is also relevant to FedEx Ground's good faith defense and the willfulness requirement for certain Labor Code claims. Additionally, Mr. Spaulding will testify generally about compliance audits performed pursuant to Service Provider Agreements.

### 4. Rupesh Parikh

Mr. Parikh owned and operated Bay Rim from approximately 2014 to 2018. Mr. Parikh will testify about Bay Rim's acquisition, ownership, management, and operation of Bay Rim, including Bay Rim's Service Provider relationship with FedEx Ground. He also will offer testimony on Bay Rim's employment of drivers, the terms and conditions of their employment, and drivers' pay.

### a) Joint Employment

As to joint employment, Mr. Parikh is expected to testify that Bay Rim drivers were employed by Bay Rim, and that he made all decisions about who Bay Rim hired in consultation with Bay Rim's manager, James Limon. Mr. Parikh is also expected to testify that he decided when and how much each driver was paid, and whether to terminate a driver's employment with Bay Rim for any reason; and that, along with Mr. Limon, he determined the hours drivers worked, what routes they drove, and which trucks they drove.

### b) Meal and Rest Breaks

As to meal and rest break requirements for Bay Rim drivers, Mr. Parikh is expected to testify that he and Mr. Limon designed the routes to be completed in 5-7 hours so that drivers could take meal and rest breaks, and that he instructed Mr. Limon to tell each driver during their training that they could and should take meal and rest breaks.

### 5. Dennis Burke

Mr. Burke is employed as an expert consultant by Transportation Compliance Experts,

Inc. He formerly worked as a Special Agent for the U.S. Department of Transportation and as an Associate Staff Instructor for the DOT's Transportation Safety Institute. Mr. Burke will offer expert testimony consistent with his expert report disclosed in this case, including with respect to the applicability of the Federal Motor Carrier Safety Regulations involving the commercial motor vehicles being operated under the motor carrier authority of FedEx Ground. Mr. Burke's testimony is relevant to, among other things, Plaintiffs' contention that FedEx Ground exercises control for purposes of establishing an employment relationship.

**B.     Exhibits**

| Ex. No. | Description | Bates |
|---|---|---|
| 1 | 05/12/14 Bay Rim ISPA | FXG_001798 - FXG_001825 |
| 2 | 02/25/16 Bay Rim ISPA | FXG_000001 - FXG_000102 |
| 3 | ISP Transition Workbook | FXG_002441 - FXG_002505 |
| 5 | ISP Reference Guide | FXG_006167 - FXG_006300 |
| 7 | Hinds Payroll Journal | BAYRIM000083 - BAYRIM000095 |
| 8 | Powell Paystub 12/29/17 | PLF 000006 - PLF 000006 |
| 10 | ID Badges | PLF 000001 - PLF 000002 |
| 11 | 5/12/2014 Pick-Up and Delivery Contractor Operating Agreement | FXG_004811 - FXG_005530 |
| 13 | 5/21/2014 Bay Rim Entity Profile | FXG_001291 - FXG_001293 |
| 14 | 5/23/2014 -12/31/2015 Bay Rim Settlement Statements | FXG_002691 - FXG_004008 |
| 15 | 8/22/2015 Bay Rim Independent Service Provider Agreement | FXG_007324 - FXG_007447 |
| 16 | 9/1/2015 Service Provider Infographic | FXG_007222 - FXG_007222 |
| 17 | 1/8/2016-5/12/2017 Bay Rim Settlement Statements | FXG_004009 - FXG_004797 |
| 18 | 3/12/2016 Attachment C-1 Negotiated Charges Table Independent Service Provider Agreement | FXG_000053.1 - FXG_000053.1 |

| 19 | 1/1/2017 Hinds 2017 W2 | PLF 000007 - PLF 000007 |
| --- | --- | --- |
| 20 | 1/1/2017 Powell 2017 W2 | PLF 000005 - PLF 000005 |
| 24 | 8/25/2017 - 2/6/2018 Text Messages | PLF 000032 - PLF 000059 |
| 25 | 12/1/2017 Service Provider Infographic | FXG_007215 - FXG_007215 |
| 26 | 3/18/2018 State of California Notice to Employer of SDI Claim | BAYRIM000079 - BAYRIM000081 |
| 27 | 3/18/2018 Hinds Workers' Comp. Form Completed | BAYRIM000082 - BAYRIM000082 |
| 28 | 1/15/2018 Business Meeting Power Point | FXG_005532 - FXG_005550 |
| 29 | 3/8/2018 Email to Hinds Re Workers' Comp. Form with Attachment | PLF 000060 - PLF 000061 |
| 30 | 4/1/2018 Service Provider Infographic | FXG_007217 - FXG_007217 |
| 31 | 5/10/2018 Policy-007 Contractor Relations | FXG_004799 - FXG_004800 |
| 33 | 8/1/2018 California Facts | FXG_007214 - FXG_007214 |
| 36 | 11/20/2018 Hinds Workers' Comp. Pay Statement | PLF 000063 - PLF 000063 |
| 40 | 5/1/2019 Service Provider Apparel Terms | FXG_006669 - FXG_006669 |

## II. OFFERS OF PROOF FOR PAGA CLAIM BASED ON WAGE STATEMENT AND WAITING TIME PENALTIES CLAIMS

Plaintiffs' representative wage statement and waiting time PAGA claims are entirely derivative of the PAGA meal and rest break claims. Judicial Council of Cal. Civil Jury Instr. 2704 (2022 edition); Cal. Lab. Code §§ 201, 202, 203; Cal. Code Regs. tit. 8, § 13520; *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 2453202, at *3-4 (N.D. Cal. May 22, 2015). In other words, if Plaintiffs cannot prove each Bay Rim driver was entitled to meal and rest breaks during a pay period and prevented from taking them, then their wage statements were not inaccurate and there was no untimely payment of wages, and there can be no violation to support a PAGA claim. For this reason, FedEx Ground's offer of proof would follow the above.

## III. PAGA CLAIMS MUST BE PROVEN FOR EACH INDIVIDUAL EMPLOYEE

The Court requested briefing on whether it should or should not be bound by jury's findings on whether FedEx is a joint employer as to the named Plaintiffs, and whether FedEx Ground's status as a joint employer must be determined separately as to each employee of Bay Rim. Because the jury must decide whether FedEx Ground is each of the named Plaintiff's joint employer to reach a verdict on their individual, underlying claims that establish the basis for their PAGA claims, the Court would be bound by the jury's factual findings as to each named Plaintiff for purposes of their individual PAGA claims.

However, the Court is not bound by the jury's joint-employment determination as to any other Bay Rim employee, nor should it be. Plaintiffs' own proposed instructions require individual determinations on these issues not only as to Hinds and Powell, but also as to each Bay Rim driver. Plaintiffs' proposed instructions (at least on this point) correctly reflect that PAGA requires proof of liability for each and every violation as to each and every driver. Additionally, California's joint employment case law requires Plaintiffs to prove joint employment on an individual basis.

### A. Plaintiffs' Own Proposed Instructions Require Individual-By-Individual Proof on All Elements of Liability, Including Joint Employment

The existence of a joint-employment relationship is an individual, worker-by-worker determination. Even Plaintiffs recognize this, as their own proposed jury instructions, including that on the definition of "employer" and their own PAGA instructions, inform the jury that Plaintiffs must prove a joint employment relationship as to "each" Plaintiff or driver, which in turn requires proof sufficient to satisfy one of the three recognized joint-employment tests as to "the Plaintiff," or in the case of the driver PAGA claims, "the driver," in question.

For example, Plaintiffs' Disputed Instruction No. 16 Private Attorneys General Act – Rest Periods Offered by Plaintiffs states as follows:

"The Plaintiffs seek civil penalties on behalf of the State of California and on behalf of other drivers employed by Bay Rim for the failure to authorize and permit paid rest periods to those drivers. To establish their claims against Bay Rim for these civil penalties, the Plaintiffs

must prove the following facts *for each driver* by a preponderance of the evidence:

1. That the driver worked at least 3.5 hours on a day during which the driver drove a light vehicle;

2. That Bay Rim failed to authorize and permit paid rest periods on that day; and

3. The number of payroll periods which included at least one day during which (a) the driver worked at least 3.5 hours and drove light vehicles and (b) Bay Rim failed to authorize and permit paid rest periods.

To establish their claims against FedEx Ground for the failure to authorize and permit paid rest periods, *each Plaintiff* must prove, in addition, and by a preponderance of the evidence:

4. That FedEx Ground was an employer of *the* driver."

(Joint Proposed Jury Instructions (Stipulated and Disputed), ECF No. 228, at 39 (emphasis added); *see also id.* at 43 (Disputed Instr. No. 17 Priv. Attorneys Gen. Act – Meal Periods Offered by Pls.) (same), 49 (Disputed Instr. No. 19 Priv. Attorneys Gen. Act – Wage Statement Offered by Pls.) (same), 53 (Disputed Instr. No. 20 re Priv. Attorneys Gen. Act – Waiting Time Penalties for Non-Payment of Wages Offered by Pls.) (same).)

And Plaintiffs' instructions as to their own individual claims also recognize that even Hinds and Powell must individually prove their claims, including joint employment. (*See, e.g.*, Joint Proposed Jury Instructions (Stipulated and Disputed), ECF 228, at 3 (Disputed Instr. No. 2 Offered by Plaintiffs); *see also id.* at 2 (Stipulated Instr. No. 1 Re Multiple Parties); *id.* at 13, (Stipulated Instr. No. 6 re Nonpayment of Overtime Compensation – Essential Factual Elements ("If you find Plaintiffs proved their claims as to Bay Rim, then you must consider whether Plaintiffs established their overtime claims under California law as to FedEx Ground. In addition to the above, each Plaintiff must prove all of the following: 1. That the Plaintiff was the employee of FedEx Ground as determined by Instruction No. 2." (original alterations omitted; emphasis added))); *id.* at 18 (Disputed Instr. No. 8 re Elements of Claim for Failure to Provide Meal Period Offered by Pls.) (same); *id.* at 26 (Disputed Instr. No. 11 re Elements of Claim for Failure to Authorize Paid Rest Periods Offered by Pls.) (same); *id.* at 32 (Disputed

Instr. No. 13 re Elements of Wage Statement Claim Offered by Pls.) (same); *id.* at 36 (Stipulated Instr. No. 14 re Waiting Time Penalties (same)).)[3]

### B. PAGA Requires Proof of Liability for Each and Every Worker

It is undisputed that Plaintiffs bear the burden of proving liability—that is, each and every violation—as to each Bay Rim driver for whom they seek to recover civil penalties under PAGA. *See, e.g.*, *Cardenas*, 2011 WL 379413, at *3 ("[A] plaintiff cannot recover on behalf of individuals whom the plaintiff has not proven suffered a violation of the Labor Code by the defendant."); *Hibbs-Rines*, 2009 WL 513496, at *4 (plaintiffs must "prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA"); *Arias v. Super. Ct.*, 46 Cal. 4th 969, 987 (2009) ("Recovery of civil penalties under the act requires proof of a Labor Code violation.").

There is also no dispute that to prove liability on their wage-and-hour claims, Plaintiffs must first establish that FedEx Ground was their joint employer. *See Martinez v. Combs*, 49 Cal. 4th 35, 64, 49, 68-77 (2010) (recognizing that "only an employer can be liable" for wage-and-hour violations and affirming summary judgment because plaintiff did not offer sufficient proof of joint employment as a matter of law); *Post v. Palo/Haklar Assocs.*, 23 Cal. 4th 942, 947 (2000) ("[A]n employment relationship must exist in order for the California wage orders or the provisions of the Labor Code governing wages . . . to be applicable."). Under PAGA, that means Plaintiffs must prove that FedEx Ground had a joint employment relationship with each and every worker for whom they seek to recover.

### C. The Test for Joint Employment Requires Proof as to Each Worker

To determine if an entity is a worker's joint employer, courts look to the three employment tests articulated by the California Supreme Court: (1) whether the alleged joint employer exercised control over the plaintiff's wages, hours, or working conditions; (2) whether the alleged joint employer suffered or permitted the employment and had the ability to prevent it; and (3) whether the alleged joint employer had the right to control the

---

[3] Where the instructions are disputed, FedEx Ground's proposed alternatives also require that <u>each Plaintiff</u> make their proofs; the disputes relate to other issues in the instructions.

manner and means by which the worker accomplishes the work. *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029-32 (9th Cir. 2019). Control is a common factor in all of these tests and each requires the putative joint employer to exercise some control over the individual employee. *See Curry v. Equilon Enterprises, LLC*, 23 Cal. App. 5th 289, 301 (2018), *as modified on denial of reh'g* (May 18, 2018) (affirming summary judgment for alleged joint employer, noting that the court looked at whether the alleged joint employer exercised "control over [plaintiff's] wages, hours, or working conditions . . . .").

The California joint employment tests all focus on the relationship <u>between the individual worker and the alleged joint employer</u>, not the relationship between the putative joint employer and the direct employer. California courts have repeatedly rejected attempts to prove joint employment through reliance on contractual arrangements between the putative joint employer and the direct employer—as Plaintiffs intend to do here. *See, e.g.*, *Martinez*, 49 Cal. 4th at 64, 73 (rejecting argument that defendants were joint employers because under the terms of their contracts with the direct employer, they controlled the remittance of the direct employer's profits (and thus a portion of income from which he paid his employees)); *Curry*, 23 Cal. App. 5th at 302-08 (rejecting argument that putative joint employer exercised control over the plaintiffs wages, hours, and working conditions through alleged contractual control over the direct employer); *Henderson v. Equilon Enterprises, LLC*, 40 Cal. App. 5th 1111, 1121-22 (2019) (same).

Similarly, California courts have also concluded that a putative joint employer's contractual right to maintain quality control over contracted-for services generally is not sufficient to establish the requisite control over the contractor's employees. *See Curry*, 23 Cal. App. 5th at 303-04 (holding there was no triable issue of fact as to whether putative joint employer (Shell) controlled the plaintiff's hours by requiring that certain tasks be completed; "Shell did not mandate that Curry perform [any specific] tasks; rather, Shell required that [the contractor] complete the tasks, and [contractor] placed the burden on Curry"); *see also Salazar*, 944 F.3d at 1029-30 (putative joint employer's alleged control over workers did not "represent control over [the workers'] wages, hours, or working conditions" when "[a]ny direct control

that [the putative joint employer] asserts over franchisees' workers is geared toward quality control").

The individualized nature of the joint employer test is further evidenced by the three decisions by California Courts of Appeal involving claims made against Shell Oil Company and operators of its gas stations. All three cases appear to have involved the same business model between Shell and the operators, but the decisions on joint employment hinged on individualized facts relating to the different plaintiffs. Specifically, courts found there was not a joint employment relationship in two of the cases relying, at least in part, on the fact that Shell did not have the authority to fire the operator's employees without good cause. *See Curry*, 23 Cal. App. 5th at 311; *Henderson*, 40 Cal. App. 5th at 1121-22. But, in the third case, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868, 878-79 (2021),[4] the court found Shell was a joint employer when the operator's employee was told by Shell personnel that they could fire him or cause him to be fired. In reaching this conclusion, the *Medina* court explained, "[t]he *Curry* and *Henderson* opinions both turn on the conclusion that the plaintiffs could not provide evidence of Shell's authority to hire or fire the plaintiff, but the plaintiff in this case has provided such evidence." *Medina*, 68 Cal. App. 5th at 878.

Thus, joint employment must be made on an individual-by-individual basis, and not based on FedEx Ground's contractual relationship with Bay Rim or the experiences of two named Plaintiffs that both worked for Bay Rim for relatively short time periods.

## IV. SPECIAL INTERROGATORIES ON JOINT EMPLOYMENT

As reflected in both Parties' proposed special verdict forms, the jury should be instructed to determine whether FedEx Ground is each named Plaintiff's joint employer before addressing any other questions of liability as to FedEx Ground. For purposes of the named

---

[4] *Medina* is an outlier insofar as it analyzed the relationship between the putative joint employer and the direct employer in concluding that a joint employment relationship existed, and it should not be followed on this point. (*See* FedEx Ground's Mem. of Law in Opp'n to Pls.' Offered, Disputed Instructions 8-12, ECF No. 233.) Yet, even the *Medina* court expressly recognized that individualized evidence concerning the worker's personal experience with the putative joint employer was "significant" in reaching its conclusion. *Medina*, 68 Cal. App. 5th at 878-79.

Plaintiffs' individual PAGA claims, FedEx Ground agrees the Court is bound by the jury's determination of joint employment as to each named Plaintiff. This is because Plaintiffs' individual PAGA claims are based on underlying Labor Code violations that are tried to the jury, and the jury will have to determine whether Plaintiffs have proven joint employment (as well as the other elements of those claims) necessary to determining liability for the Labor Code violation. At that point, the Court may rely on the jury's determination when deciding whether Plaintiffs are entitled to PAGA penalties for their individual PAGA claims.

At the same time, other Bay Rim drivers do not have underlying Labor Code claims in this case because the Court denied class certification. (Order Denying Class Cert., ECF No. 171.) Instead, the Bay Rim drivers are represented only in the sense that they are purported "other aggrieved employees" for a PAGA claim. The only claim that exists for Bay Rim drivers is a PAGA claim, and that PAGA claim must be tried to the Court regardless of the underlying claimed violations, as discussed in FedEx Ground's previous briefing on this issue. (Mem. in Opp'n 12-13, ECF No. 233; FedEx Ground's Trial Br. 6-7, ECF No. 235.)

It would not be appropriate for the Court to submit special interrogatories to the jury concerning joint employment as to Bay Rim employees other than the named Plaintiffs. As discussed in detail above, proof of joint employment is an individual question <u>and</u> is an element as to each and every underlying alleged violation covered by Plaintiffs' PAGA claim. Again, as shown in Section III.A above, Plaintiffs' own proposed PAGA instructions acknowledge that it is their burden to prove joint employment <u>as an element of their claim</u> for each Bay Rim driver to hold FedEx Ground liable under any of the claims for which they seek PAGA relief.

Because the Bay Rim drivers do not have underlying claims, joint employment is an element of Plaintiffs' PAGA claims as to them, and because their PAGA claims must be tried to the Court, so too must the determination of joint employment for each driver. (*See, e.g.*, Mem. in Opp'n 12-13, ECF No. 233; Trial Br. 6-7, ECF No. 235 at 6-7.) FedEx Ground has not located any support for the proposition that just one of several elements to prove liability under a PAGA claim can be delegated to a jury.

Further, whether FedEx Ground was a joint employer of other Bay Rim drivers is

irrelevant to Plaintiffs' individual claims, and requiring the jury to make this determination would lead to jury confusion and unfairly prejudice FedEx Ground. The jury will wonder why it is being presented with pieces of claims related to other drivers, and how they fit into the case, and could conclude this case is a large class action when it is not. Such speculation would unduly prejudice FedEx Ground in violation of Rule 403, making any resulting findings against FedEx Ground suspect.

V. **PLAINTIFFS' CANNOT RELY ON ISSUE PRECLUSION**

FedEx Ground read Plaintiffs' brief on these issues right before this filing. While it does not have the time to fully address Plaintiffs' arguments, there are a few important points needed to be made.

First, Plaintiffs have never once, not in their Trial Brief, the Proposed Final Pretrial Order, or any other filing, suggested that issue preclusion could be applicable to a jury's special verdict in this case for PAGA claims or otherwise. Plaintiffs' introduction of this theory less than two weeks before trial is unfair surprise. If the Court is going to consider applying issue preclusion, FedEx Ground asks that it be permitted to file a supplemental brief to respond to this new argument FedEx Ground saw for the first time less than two hours before this brief was due.

Even with limited time to analyze the issue, it is apparent there are at least two reasons Plaintiffs cannot rely on issue preclusion on the joint employment issue. "Issue preclusion . . . applies only (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Gavriiloglou v. Prime Healthcare Mgmt., Inc.*, No. E076832, 2022 WL 4354267, at *6 (Cal. Ct. App. Aug. 26, 2022), *as modified on denial of reh'g* (Sept. 20, 2022) (internal quotation marks omitted).

First, any determination by the jury <u>during a trial</u> is not a "final adjudication" that can be used <u>in the same trial</u>. *Contreras-Velazquez v. Fam. Health Centers of San Diego, Inc.*, 62 Cal. App. 5th 88, 101-03 (2021), *as modified on denial of reh'g* (Apr. 7, 2021), *review denied* (June 30, 2021) (findings must be "free from direct attack" and not subject appeal for issue

14
FEDEX GROUND PACKAGE SYSTEM, INC.'S OFFER OF PROOF
AND SUPPLEMENTAL BRIEF RE PAGA CLAIM
CASE NO. 4:18-CV-01431-JSW (AGT)

preclusion to apply).

Second, for the reasons discussed above, the joint employment issue is decided on an individual basis, based on the experience of each individual worker. The joint employment issue is not "identical" for each individual Plaintiff and Bay Rim driver. Indeed, Plaintiffs essentially acknowledge this: "This issue would be identical in both the individual and the PAGA adjudications because <u>FedEx Ground's relationship to Bay Rim's</u> [sic] does not differ by driver." (ECF No. 254 at 4-5.) As has been briefed many times in this case already, the inquiry for joint employment under California law is <u>not</u> the relationship between FedEx Ground and Bay Rim; it is about the relationship between the putative employer, FedEx Ground, and the worker (i.e., Bay Rim driver).

Date: October 12, 2022

Respectfully submitted,

WHEELER TRIGG O'DONNELL LLP

By: */s/ Jessica G. Scott*
Jessica G. Scott
Attorney for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.