UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HINDS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01431-JSW<br><br>**ORDER (1) DENYING PLAINTIFFS' DEMAND FOR JURY TRIAL ON PAGA CLAIMS; (2) AND COURT'S INTENDED PROCEDURES FOR BENCH TRIAL ON PAGA CLAIMS** |

This matter is scheduled for a trial on October 24, 2022. Plaintiffs Michelle Hinds and Tyrone Powell ("Plaintiffs") allege that Defendants, FedEx Ground Package System, Inc. ("FedEx") and Bay Rim Services, Inc. ("Bay Rim"), violated various provisions of California's Labor Code and Industrial Wage Commission Orders.[1] Plaintiffs also assert that FedEx is liable because it was their "joint employer."

In addition to their individual claims for relief, Plaintiffs bring claims under the California Labor Code Private Attorneys General Act of 2004 (the "PAGA claim"), which the Court has limited to individuals employed by Bay Rim. (*See* Dkt. No. 201.) The parties dispute whether the Seventh Amendment requires a jury trial to determine Defendants' liability to other Bay Rim employees on that claim.[2] The Ninth Circuit has not addressed this issue, although some district courts within the Circuit have determined PAGA claims are tried to the court. *See, e.g., Abrams v. ACTS-Aviation Sec., Inc.*, No. 20-cv-05719-ODW (JEMx), 2021 WL 8153637, at *1 (C.D. Cal.

---

[1]     On August 18, 2022, Bay Rim filed for bankruptcy. The Bankruptcy Court lifted the automatic stay, and Bay Rim appeared at the pretrial conference held on October 3, 2022, through its counsel. Bay Rim took no position on the issue addressed in this Order.

[2]     Plaintiffs agree the Court must determine the amount of penalties to be imposed, if any.

1

Dec. 9, 2021); *Thomas v. CVS Health Corp.*, No. 19-cv-04283-R-FFM, 2019 WL 3526344, at *3 (C.D. Cal. Aug. 1, 2019); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2015 WL 8587589, at *3 (N.D. Cal. Dec. 10, 2015).[3]

The Court has considered the parties' papers, including the supplemental briefs and proffers submitted on October 12, 2022, relevant legal authority, and oral argument during the pretrial conference held on October 3, 2022. The Court also is mindful of the principle that "the jury, as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959).

## ANALYSIS

### A. The PAGA Claims Will be Tried to the Court.

The Seventh Amendment right to a jury trial applies in "suits at common law." U.S. Const. amend. VII. "Suits at common law" include statutory claims that are legal as opposed to equitable. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998); *Tull v. United States*, 481 U.S. 412, 417 (1987). To determine whether the Seventh Amendment provides a right to jury trial, the Court examines the nature of the action and the remedy sought; the second inquiry is the most important. *Tull*, 481 U.S. at 417, 421.

The "substantive dimension" of the PAGA claim is grounded in state law, and the Court will consider the manner in which the California Supreme Court and the California Courts of Appeal interpret PAGA to guide its analysis. *See, e.g., In re Payless Shoesource, Inc.*, No. 09-MD-2022 FCD GGH, 2009 WL 3233820, at *1 (E.D. Cal. Sept. 11, 2009) (concluding there is no Seventh Amendment right to a jury trial on claims seeking penalties for violations of California's Song-Beverly Credit Card Act, Cal. Civ. Code § 1747.08 ("Section 1747.08")). Ultimately, "the characterization of th[e] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963).

---

[3] None of these cases analyze whether the Seventh Amendment applies.

In *Tull*, the government filed suit to enforce provisions of the Clean Water Act and sought civil penalties as a remedy for the violations. 481 U.S. at 414-15. The defendant argued that a claim for penalties was analogous to an action in debt, a type of action historically viewed as requiring a jury trial. The Government argued the claim was more analogous to an action to abate a public nuisance, which would have been equitable in nature. *Id.* at 417-19. The Court concluded both types of actions were "appropriate analogies," but determined it need not select between the two because, reasoning the "relief sought is more important than finding a precisely analogous common-law cause of action." *Id.* at 420-21.

The Court stated civil penalties historically were viewed as legal, in part, because an "important characteristic"' of that remedy is that "it exacts punishment[.]" *Id.* at 422 & n. 7. That led the Court to hold the defendant had a right to a jury trial to determine *liability* on a claim for penalties under the Clean Water Act but held the amount of any penalty to be imposed should be determined by the court. *Id.* at 427. The Supreme Court also has held, "[a]t least in cases in which 'public rights' are being litigated, e.g., cases in which the Government sues in its sovereign capacity to enforce public rights created by statutes … the Seventh Amendment does not prohibit Congress from assigning the factfinding function an initial adjudication to an administrative forum with which the jury would be incompatible." *Atlas Roofing Co. v. OSHA Review Comm'n*, 430 U.S. 442, 450 (1977).

Plaintiffs argue that, following the reasoning in *Tull*, the PAGA claim for penalties is legal and Defendants' liability must be decided by a jury. The Court is not persuaded. The California legislature enacted PAGA to facilitate enforcement of California's Labor Code, and its Supreme Court has described PAGA actions as "different from conventional civil suits." *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 86 (2020). "[A] PAGA claim is an enforcement action between the LWDA and the employer, with the PAGA plaintiff acting on behalf of the government." *Id.* PAGA actions are not actions for damages. *See, e.g., O'Connor,* 2015 WL 8587589, at *3. Rather, the civil penalties "are intended to remediate present violations [of the Labor Code] and to deter future ones, not to redress employees' injuries." *Kim*, 9 Cal. 5th at 86 (internal quotations and emphasis omitted); *see also Arias v. Super. Ct.*, 46 Cal. 4th 969, 981 (2009) ("[A] private

3

plaintiff suing under [PAGA] is essentially bringing a law enforcement action designed to protect the public.").

The California Court of Appeal recently held that the California Constitution does not provide the right to a jury trial on a PAGA claim. *LaFace v. Ralphs Grocery Co.*, 75 Cal. App. 5th 388, 391 (2022). "The California Constitution affords a right to a jury trial in common law actions at law that were triable by a jury in 1850, but not to suits in equity that were not triable by a jury at that time." *Id.* at 395. To make that determination, California courts "look to the gist of the action: whether the nature of the rights involved and the facts of the particular case show that it is legal and therefore cognizable at law." *Id.* Although *LaFace* does not apply the Seventh Amendment, the analysis is similar, and the Court finds its reasoning persuasive.

The court began with the established principle that a PAGA plaintiff "possesses the same legal right and interest as the state." *Id.* at 397 (quoting *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014), *abrogated on other grounds by Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906 (2022)). The court then reviewed the provisions of the Labor Code applicable to proceedings instituted by the LDWA, and concluded that the nature of the right afforded is "administrative regulatory enforcement, which occurs in administrative proceedings and which is subject to judicial review without a jury trial right." *Id.* at 398. It concluded PAGA was a "civil action only in the sense that its designated forum is the trial courts" and reasoned it would be "anomalous to vest the state's proxies with more rights than the state would otherwise have on its own." *Id.* at 401.

PAGA penalties are fixed by statute, and a court considering a PAGA claim is afforded the "same discretion" to assess a penalty "subject to the same limitations and conditions" as the LWDA. Cal. Lab. Code §§ 2699(e)(1), (f). A court also is granted discretion "to award less than the maximum penalty authorized 'if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." *Id.* § 2699(e)(2). The *LaFace* court concluded exercising that type of discretion was a "task for which a jury seems unsuited." The court also rejected the plaintiff's argument that a court could sever the penalty portion of a PAGA claim from the liability portion and allow a jury to resolve

4

the latter. The court viewed that proposal as granting a plaintiff "a jury trial right not otherwise available to either the agency or employers." *Id.* at 402.

The Court concludes that a PAGA claim is analogous to the type of administrative enforcement proceeding designed to protect a public right in *Atlas* than the government's claim in *Tull*. It is not a typical civil action. *See Kim*, 9 Cal. 5th at 86. A PAGA plaintiff stands in the shoes of the LWDA, which would otherwise initiate an administrative proceeding to enforce a public right.

The Court also concludes that the nature of the PAGA remedy, which is the most important factor, also distinguishes the civil penalties available as a remedy from the civil penalties in *Tull*. In *In re Payless,* the court stated the purpose of Section 1747.08 was "to promote the lawful use of credit cards and deter conduct that would put consumers' privacy at risk." *Id.* The court reasoned that the statutory penalties under that statute are "imposed in order 'to deter misconduct and harm, not to compensate the plaintiff for actual damages sustained.'" *In re Payless*, 2009 WL 3233820, at *3 (quoting *Dipirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 183 (2007)). Similarly, the civil penalties provided for in PAGA are not intended "to redress employees' injuries." *Kim*, 9 Cal. 5th at 86; *see also* Cal. Lab. Code § 225.5 (stating percentage of penalties recovered by LWDA to be paid into a fund "dedicated to educating employers about state labor laws").

The court also found it significant that the amount of the penalty was highly discretionary and distinguished *Tull* because "there [was] no indication that the legislature [had] directed the consideration of non-equitable factors, such as punishment or retribution, in determined the amount of" the penalty to be imposed. *Id.* & n.3. Although PAGA is intended to deter violations, a court can reduce a penalty if it determines the facts of the case demonstrate that awarding the maximum penalty would be "unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2).

Accordingly, the Court concludes the Seventh Amendment does not require jury trial on Defendants' liability for the PAGA claims and those claims will be tried to the Court.

//

B. **Timing and Presentation of Evidence on the PAGA claim.**

The Court now turns to the timing and manner in which the Court will hear evidence on the PAGA claims, including the evidence on whether FedEx is a joint employer. The parties' proffers suggest that much of the evidence to be presented on Plaintiffs' individual claims and FedEx's defenses to those claims would overlap with the evidence to be presented on the PAGA claims. By way of example, Plaintiffs state they will rely on scanner records produced by FedEx and the ISP to show joint employment.[4] They also state that Plaintiffs and Mr. Parikh about Bay Rim's general practices, and that Messrs. Means, Moser, and Parikh can testify about FedEx's control over working conditions for drivers.

FedEx states that it would present testimony from Mr. Means that would show FedEx did not have "any right to control any Bay Rim employee's working conditions," including an employee's route, vehicle, hours, pay, or rest breaks. It also states it will present testimony from Mr. Parikh that he was responsible for deciding whether to terminate a particular driver's employment, decided how and when drivers were paid, and determined their hours.

In order to avoid any inconvenience to witnesses from having to return after the jury renders a verdict, the Court intends to hear evidence on the PAGA claims concurrently with the jury trial. The Court clarifies that does not mean it will permit the jury to hear evidence that should only be considered as part of the PAGA trial. The Court will use Mr. Means' proposed testimony as an example. If, in connection with the Plaintiffs' claims, he would testify that FedEx had no control *their* working conditions, that testimony would be presented to the jury. Once Mr. Means finished presenting testimony that was relevant only to the Plaintiffs' individual claims, the Court would excuse the jury and take any testimony from Mr. Means that would only be relevant to the PAGA claims.

The Court also advises the parties that it is inclined to require them to present evidence on the individual and the PAGA claims in the time it has allotted. It will, however, allow them to

---

[4] By referring to these records, the Court is not making a ruling on FedEx's objections to their introduction at trial.

present brief argument on why that would not be feasible.

**IT IS SO ORDERED**.

Dated: October 14, 2022

_____
JEFFREY S. WHITE
United States District Judge